## NOLAN v. COBB COUNTY.

1. Where a physician, at the instance and upon the request of the sheriff, performs a surgical operation upon one who is a prisoner in the custody of such sheriff, an action can not be maintained by the physician against the county to recover the value of such service.
2. The case was properly dismissed upon demurrer.

FEBRUARY 21, 1914.

Complaint. Before Judge Patterson. Cobb superior court. January 21, 1913.

C. T. Nolan brought suit against Cobb County, alleging, that the defendant was indebted to him in the sum of $100 on account of services; that he had performed a surgical operation upon one who was at the time in the custody of the sheriff of the county, being then incarcerated in the jail; that the operation was performed at the instance of the sheriff, who brought the prisoner to be operated upon to the sanitarium of the plaintiff; and that the board of county commissioners of roads and revenues for said county, upon the presentation of plaintiff's claim, had passed the following order: "Upon motion it was ordered by the Board that Dr. C. T. Nolan be paid $50.00 for operating upon Charles Loyd. Unanimously." It is alleged further, that the services were reasonably worth $100; that on account of the imperative need of a surgical operation it could not be postponed until the assembling of the board of commissioners; that the defendant had the right through its board of commissioners to consent to the performance of the services of the plaintiff "after the same had been performed, as it did do, as shown by paragraph 6 [the paragraph alleging the presentation of the account and the passing of the order referred to] of the petition in this case, just as much as they would have had to have directed plaintiff to perform the operation before it was performed." The court sustained a general demurrer and dismissed the case; to which judgment the plaintiff excepted.

*J. Z. Foster,* for plaintiff. *D. W. Blair,* for defendant.

BECK, J. (After stating the foregoing facts.) We think the general demurrer was properly sustained in this case. Paragraph 6 of the petition, which contains the averment of the presentation of the account and an order approving same for the amount of $50, was stricken on demurrer. But treating that paragraph as a part of the petition, and considering the petition in its entirety, no

cause of action was stated against the county. "A county is not liable to suit for any cause of action, unless made so by statute." Civil Code, § 384. There is no law authorizing the sheriff of the county to bind the county under the facts alleged in the plaintiff's petition. The sheriff could not have made an express contract on behalf of the county for such services, nor could he have had services of the character alleged rendered upon any understanding, express or implied, whereby the county would become liable upon a quantum meruit. Whether, under the provisions of § 1156 of the Penal Code, the county would have been liable to reimburse the sheriff, had the sheriff procured the medical services and paid for them himself, is a question not involved in this case. This is a suit brought directly against the county by the physician performing professional services at the instance of the sheriff; and the law does not raise any implied undertaking upon the part of the county to become liable to the party rendering the services for which compensation is sought to be recovered. Such is the express provision of our statute set forth above. From the statement of facts in the case of *Talbot County* v. *Mansfield,* 115 *Ga.* 766 (42 S. E. 72), it appears that a prisoner charged with crime in Talbot County was sent to the jail of Muscogee County for safekeeping. While there confined his condition demanded the attention of a physician, and as such the plaintiff (who was the physician employed by Muscogee County) visited him a number of times, at the request of the jailer. For the services thus rendered payment was demanded of Talbot County by the plaintiff, and was refused. Suit was brought; and on the trial, after the introduction of evidence for the plaintiff, the defendant moved for a nonsuit on the grounds, that no contract between the plaintiff and the defendant was shown, and that no statute authorizes such suit. The motion was overruled, and a verdict for the amount sued for was directed, there being no contradiction of the evidence as to the rendition of the services and their value. The defendant excepted. Upon this statement of facts appearing in the record, this court held as follows: "An obligation is imposed by law on the county where the crime was committed, and from which such person was sent, to pay to the county in the jail of which he was confined all necessary jail fees, costs, etc., incurred in behalf of the prisoner, among which is necessary medical attention rendered to such prisoner; and if payment

thereof is refused or is not made, the county incurring such expense has a right of action against the county from which such prisoner was sent, to recover the same. . . The law, however, creates no liability against the county from which the accused person was sent, in favor of an individual who gave medical attention to such prisoner, on the request of, and under a contract to do so, made with the keeper of the jail. . . A county is not liable to be sued unless liability is fixed or the suit is authorized by statute. . . The trial judge erred in overruling the motion for nonsuit, and in directing a verdict for the plaintiff." That ruling is directly applicable to the facts in the present case.

Even if the action of the board of county commissioners could be considered as a recognition of the liability of the county for the services rendered, it could not render the county liable, as the liability of the county to suit depended upon the law, and no action by the county commissioners taken after the services were performed could render the county liable to a suit for such services. Whether they could have made a contract before the services on behalf of the county, in order to procure the attendance of a physician upon the prisoner, is not here involved. Nor do we undertake to determine the question whether, if in pursuance of the order set forth in the declaration a warrant upon the treasurer was issued, and the same was accepted by the physician, its payment might be enforced in proper proceedings. This is not a proceeding of that character. The plaintiff is seeking to recover against the county upon a quantum meruit.

*Judgment affirmed. All the Justices concur.*