## PACE et al. v. COUNTY BOARD OF EDUCATION et al.

The board of education of a county wherein there exist two separate and independent school districts, one composed of the territory within the corporate limits of a city, the other of all the territory in the county beyond the city limits, can not lawfully appropriate any portion of a fund raised by local taxation in the county district, for the establishment and maintenance of public schools within its limits, in payment to the city district for the tuition of pupils residing in the county district and attending schools of the city district.

No. 1841. December 20, 1920.

Petition for injunction. Before Judge Searcy. Butts superior court. December 17, 1919.

In the County of Butts, this State, there are what may be designated as two school districts, each independent of the other, one established in the City of Jackson by authority of its charter, embracing the territory within its corporate limits, and being under the jurisdiction and control of trustees elected to manage its schools under the general supervision of the mayor and council of the city. This city district shares in the State common-school fund collected by the State for the maintenance of common schools, which fund the city supplements by taxes levied and collected by municipal authority on all property within the corporate limits of the city. The other district, which may be called the county district, exists as the result of an election held in pursuance of the statute (Civil Code of 1910, § 1534) to determine whether such county district should be established, and which is under the jurisdiction and control of the county board of education of Butts county. The county district also shares in the State common-school fund, which is supplemented by the levy and collection of a local tax on all the property in the county, outside of the corporate limits of the City of Jackson. By an agreement between the governing authorities of the two districts, certain children, about 200 in number, residing in the county, and outside of the city limits of Jackson, and over which the county district has jurisdiction, are permitted to attend the city schools operated under the jurisdiction of the city, the county board of education paying to the proper officers of the city district ten cents for each school day for each of such children. This amount absorbs the share of such children in the State common-school fund apportioned to the county district,

and in addition takes about $3,000 for each school year from the local tax levied and collected on property in the territory under the jurisdiction of the county district, and beyond the limits of the city.

Certain citizens and taxpayers residing within the territory of the county beyond the limits of the City of Jackson brought suit against the county board of education of the county and the county superintendent of schools, to enjoin the defendants from paying to the officials of the city any portion of the fund arising from taxes levied upon property in the county outside of the city limits. The judge, on a preliminary hearing, refused to grant an interlocutory injunction, and the petitioners excepted..

*Reagan & Reagan,* for plaintiffs.    *W. E. Watkins,* for defendants.

Fish, C. J.    (After stating the foregoing facts.)    The constitution of this State, article 8, section 4, paragraph 1 (Civil Code of 1910, § 6579), declares:    "Authority may be granted to counties, militia districts, school districts, and to municipal corporations upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation," etc.    This provision manifestly limits the power of the General Assembly to grant to counties, militia districts, school districts, and municipal corporations authority to establish and maintain public schools only within their respective territories, by local taxation; and a fund raised by local taxation in one county, militia district, school district, or municipal corporation can not be lawfully applied to the establishment and maintenance of public schools in another county, district, or municipality.    Where children of school age living in one school district or municipality attend a public school in another district or municipality, to apply a fund, or any portion thereof, raised by local taxation in the school district or municipality in which they reside, towards the payment of their tuition in the school which they attend, would be to devote the tax fund towards the maintenance of such school.    The fact that the children can more advantageously or conveniently attend the public school of another district than where they reside does not affect the legal question here involved.    County boards of education have authority to determine matters of local controversy in reference to the construction or administration of the school laws

within their jurisdiction.  "But they have no power to unlawfully give to a separate local school system money which does not properly belong to it, nor to misapply public funds arising from taxation." *Clark* v. *Cline,* 123 *Ga.* 856, 865 (51 S. E. 617).

In *Meadows* v. *Board of Education of Paulding County,* 136 *Ga.* 153 (71 S. E. 146), it was held, that, "where neither district has adopted the provisions of the school law as to local taxation, they [the county board of education] may allow pupils in one district to attend a school in an adjoining district where it is more convenient and accessible to them, and appropriate the proportionate share of the public-school fund to which such children are entitled to the support of the school which they actually attend.  Their action is not illegal in this respect, and any complaint as to its propriety must be made to the county board of education."  In the opinion it was said: "It will be borne in mind that neither the Granger nor the Brownsville district has adopted the provisions of the 'McMichael' law with reference to the support of schools by local taxation. Therefore there can be no complaint that the money of any taxpayer is being diverted to pay for the support of the school. The specific complaint is that the board of education, by allowing the pupils in the Granger district to thus cross the line to attend the Bethel school, is giving to the Bethel school the proportionate part of the school fund to which these children from the Granger district are entitled; and as a result the attendance in the Granger district is reduced, and the amount derivable from the public-school money is to that extent diminished, which requires an increased supplemental support to the common-school fund to run the Granger school during the entire year, or for a greater period than would be authorized by the funds obtained solely from the public-school money.  There is nothing in the various provisions of the school laws which prohibits this course."  There is a strong implication in that case, therefore, that if the two school districts involved had adopted the provisions of the statute with reference to the support of their respective schools by local taxation, and some of the pupils of the Granger district were attending the school of the Brownsville district, and the portion of the fund raised by local taxation in the Granger district for the establishment and maintenance of its schools was being paid

to the governing authorities of the Brownsville school district, then it would have been decided that such payment was an unlawful appropriation of the local tax fund of the Granger district.

From what has been said it follows that it was error to refuse an interlocutory injunction.

*Judgment reversed. All the Justices concur, except George, J., dissenting.* ·