## GLENN, tax-collector, v. TRION COMPANY.

ATKINSON, J. 1. The amendment to the constitution proposed by the act approved August 18, 1919 (Acts 1919, p. 66), and adopted in the manner provided by the constitution for its amendment, declares in part: "The proper county authorities whose duty is to levy taxes for county purposes in this State shall, on the recommendation of the board of education, assess and collect annually, for the support of the public schools under its control, not less than one (1) nor more than five (5) mills on the dollar of all taxable property of the county outside of independent local systems, which shall be distributed equitably according to the school population, the tax values, th number of teachers and their grade of license." The language, "outside of independent local systems," as thus employed, comprehends territory and is sufficient to include all territory within the limits of an incorporated town. *Smith* v. *Board of Education*, 153 *Ga.* 758 (113 S. E. 147). Giving the language this construction, the entire provision does not confer power on the designated officers to assess and collect the specified tax on property that is located in a duly incorporated town that has lawful authority to establish and conduct an independent local system of public schools and does conduct such system of schools.

(a) A system of public schools established and conducted in an incorporated town by the municipality under lawful authority is an "independent local system" within the meaning of the above provision of the constitution. *Board of Education* v. *Butler*, 154 *Ga.* 569 (2) (115 S. E. 10). The word "independent," as used in the constitution, denotes a system of schools under different control from the system of public schools for which the county-wide tax is authorized to be collected.

(b) The fact that certain provisions of the charter looking to revenue for support of the schools might be invalid or inadequate and depend largely upon private donations would not tend to destroy the distinctive or "independent" character of the local system from the other system of schools.

2. The Town of Trion was duly incorporated by the act of 1897 (Acts 1897, p. 352), and provision was made, by section 11 of the act, for the municipality to establish and conduct a local system of public schools separately from the county system of public schools.

3. On the trial of the affidavit of illegality interposed to the levy of a tax fi. fa. for county-wide school tax on land located in the Town of Trion, the judge, to whom the case was submitted upon all questions of law and fact, was authorized, under application to the pleadings and evidence of the principles stated in the preceding notes, to find that the Town of Trion, in the exercise of its charter authority, had established and was operating an independent local system of public schools, and, on the basis of such finding, to render a judgment sustaining the illegality.

4. Assignments of error which are not ruled upon in the preceding notes were expressly abandoned in the briefs of the attorney for the plaintiff in error.          *Judgment affirmed. All the Justices concur.*

No. 3805. FEBRUARY 20, 1924.

Illegality of execution. Before Judge Wright. Chattooga superior court. April 28, 1923.

*C. D. Rivers,* for plaintiff in error.

*Maddox, Lipscomb & Matthews,* contra.