MURPHY *v.* CONSTITUTION INDEMNITY COMPANY *et al.*

No. 7867.   FEBRUARY 25, 1931.

*Duke Davis,* for plaintiff.   *Lovejoy & Mayer,* for defendants.

ATKINSON, J.   J. H. Murphy was employed by the Troup County Board of Education as bus driver to convey children to the public schools in Troup County. While so engaged he received injuries. He filed a claim before the Industrial Commission of Georgia, for

the purpose of recovering compensation under the workmen's compensation act. One of the members of the Commission made an award in favor of Murphy, and on appeal to the full commission this award was affirmed. The Troup County Board of Education and Constitution Indemnity Company filed an appeal; and after a hearing the judge of the superior court of Troup County set aside the award and entered a final judgment against J. H. Murphy, on the ground that the workmen's compensation act was unconstitutional in so far as it applied to the Troup County Board of Education, and that the Industrial Commission had no jurisdiction to hear and determine the matter.

It was held by this court, in *Floyd County* v. *Scoggins,* 164 *Ga.* 485 (139 S. E. 11, 53 A. L. R. 1286), that "So much of the workmen's compensation act as requires the counties of this State to insure their employees against, or pay them compensation for, personal injuries or for their deaths while in the employment of the counties, violates art. 7, sec. 6, par. 2, of the constitution of this State, which declares the purposes for which the legislature can authorize the counties to levy taxes." Troup County Board of Education was constituted under the laws found in the Civil Code of 1910, §§ 1478 et seq., and 8 Park's Code Supp., §§ 1437 et seq. Troup County Board of Education is not an independent organization or political division. It is an agency through which Troup County acts in school matters. *Smith* v. *Board of Education of Washington County,* 153 *Ga.* 758 (2) (113 S. E. 147); *Board of Education for Houston County* v. *Hunt,* 29 *Ga. App.* 665 (116 S. E. 900); *Board of Education of Houston County* v. *Hunt,* 159 *Ga.* 749 (126 S. E. 789).

The fund received by the Board of Education of Troup County for maintaining the schools is received from taxation, and from funds derived from the State school fund. The argument is offered by the plaintiff, that since the board of education is given power and authority to "make all arrangements necessary to the efficient operation of the schools, and further is given authority and power to provide means of transportation for pupils and teachers to and from schools," this language would include the furnishing of workmen's compensation insurance or liability for personal injuries to a bus driver engaged in transporting pupils to and from a consolidated school. The power to expend money by the board of edu-

cation from funds derived from taxation is shown in *Board of Education of Wilkes County* v. *Butler,* 154 *Ga.* 569 (115 S. E. 10), and *Pace* v. *County Board of Education,* 150 *Ga.* 777 (105 S. E. 366), and does not extend to the object above mentioned. It would be an unconstitutional expenditure of money by the Board of Education of Troup County to pay for personal injuries received by a bus driver under the circumstances herein stated, or for compensation insurance under the workmen's compensation act. The reasoning on this subject is clearly stated in *Floyd County* v. *Scoggins,* supra. The Constitution Indemnity Company issued its policy to indemnify the Board of Education of Troup County "for any injury imposed upon or accepted by it under certain statutes." It is not a question of allowing the insurance company to escape liability after the issuance of its policy, but the question is as to the jurisdiction of the Industrial Commission to make an award in this case. "The Industrial Commission not being a court of general jurisdiction, and having no authority under the statute to award compensation for injury to an employee of the character above mentioned, jurisdiction as to such matter can not be conferred by act of the parties." *Hartford Accident &c. Co.* v. *Thompson,* 167 *Ga.* 897 (147 S. E. 50).

*Judgment affirmed. All the Justices concur.*