MURPHY *v.* CONSTITUTION INDEMNITY COMPANY OF PHILADELPHIA.

ATKINSON, J. 1. It was held by this court: "The Industrial Commission of Georgia has no jurisdiction to make an award against the Troup County Board of Education and an insurance company, to compensate an automobile driver employed by that board to convey children to school, on account of injuries received while so employed." *Murphy* v. *Constitution Indemnity Co.*, 172 *Ga.* 378 (157 S. E. 471).

2. After rendition of the above decision Murphy instituted a suit in his own name upon the contract against the insurance company, for compensation as provided in the Georgia workmen's compensation act, based on the same injury, alleging that the previous award of compensation made by the Industrial Commission had been set aside by the courts, and that he had a right without a remedy unless the court should frame one. The contract set out as an exhibit to the petition expressly declared: "No action shall lie against the company to recover upon any claim or for any loss under paragraph one (b) foregoing, unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against this employer after trial of the issue or by agreement between the parties with the written consent of the company, nor in any event unless brought within two years thereafter." The allegations of the petition failing to set forth a cause of action under the terms of the policy of insurance which is the basis of

the claim, the trial judge did not err in dismissing the petition on demurrer.                     *Judgment affirmed. All the Justices concur.*

No. 8491.   JANUARY 14, 1932.   REHEARING DENIED FEBRUARY 12, 1932.

*Duke Davis* and *L. L. Meadors,* for plaintiff.
*Lovejoy & Mayer,* for defendant.