CITY OF ATLANTA *v.* PICKENS.

834

J. L. Mayson, C. S Winn, J. C. Savage, for plaintiff in error.
C. W. Buchanan and Clarke & Clarke, contra.

RUSSELL, C. J.   It appears from the record R. D. Pickens, an employee of the City of Atlanta, was struck by the driver of an automobile passing along a street.   R. D. Pickens was a member of the "asphalt gang" employed by the city for the purpose of repairing its streets.   From the collision with the automobile Pickens suffered certain injuries.   Pneumonia developed, and Pickens died. His widow filed a claim for compensation, on the ground that her husband received the injury while in the employment of the city, although the injury was done by a person other than those in the

employment of the city, with whom the city had no connection. She contended that the city was liable, because her husband, at the time of the injury, was in the employment of the city and working on its street. The city objected to an award of compensation, on various grounds, but "the primary objection is that there is no authority for a municipality in this State to pay workmen's compensation. In other words, while the act of the General Assembly undertakes to require municipalities to pay compensation to injured workmen, the same is illegal, void, and unconstitutional, particularly because there is no authority under the laws of the State of Georgia nor under the charter of the City of Atlanta whereby taxes may be levied and collected for the purpose of compensating employees under the Georgia workmen's compensation law." The Department of Industrial Relations rendered an award in favor of Mrs. Pickens. The city appealed, and the judge of the superior court overruled the appeal and rendered judgment in favor of Mrs. Pickens. To this judgment the city excepted. Several grounds are stated in the appeal which are dependent upon the evidence; but it is not necessary to consider these, because the plaintiff in error seemingly purposely confined the portions of the record specified in the bill of exceptions to be sent to this court to (1) the appeal, (2) the answer, and (3) the order overruling the appeal. As a consequence, nothing is involved in the consideration of the present writ of error except a pure question of law. Nothing else is argued in the briefs. As stated in the brief of learned counsel for plaintiff in error, its "primary objection is that there is no authority for a municipality in this State to levy taxes for the payment of workmen's compensation, and that an act of the General Assembly which undertakes to require this to be done and to require municipalities to pay compensation to injured workmen is illegal and void and unconstitutional." The city admits that the General Assembly has specifically stated in the workmen's compensation act that municipalities are subject thereto.

It is provided in the Civil Code (1910), §§ 864, 865: "No municipal corporation shall levy or collect for the ordinary current expenses of said corporation, except as hereinafter provided, any ad valorem tax upon the property within said corporation, exceeding one half of one per cent. upon the value of said property. . . The term 'ordinary current expenses' shall be construed to include all

current expenses, excepting only expenditures for education, for paving or macadamizing streets, and for payment of the principal and interest of the public debt, which shall be known as 'extraordinary expenses.'" It will be noted from the foregoing that the term "ordinary current expenses" excepts all expenditures for education, for paving or macadamizing streets, and for payment of the principal and interest of the public debt. These are designated as "extraordinary expenses." It is not to be implied from this that any additional tax is necessary to cover current expenses; and so the real question in this case is whether the General Assembly, in the passage of the workmen's compensation act, could properly say that compensation of such employees of the city as the husband of the claimant in the present instance, who might be injured or lose their lives in as every-day occurrence as the repair of the streets of the city, would be a legitimate exercise of the sovereign power of the State. We deem this a matter altogether of legislative discretion. It would seem clear that the municipal duty of keeping its streets and thoroughfares safe by properly repairing and maintaining them would be an ordinary current expense of the city; and until it is shown that one half of one per cent. upon the value of the property within the municipality subject to ad valorem taxation is insufficient for the purpose of affording such compensation to the employees of the municipality who may be injured while in its service, the question is not one for judicial determination. This for the reason that it is a question of municipal government, in which the sovereign State has instructed the municipal corporation to act in a specific manner. Furthermore, it does not appear in this case that the City of Atlanta has availed itself of the privileges granted by its charter to raise additional monies by various business and occupation taxes, which may be devoted to ordinary current expenses. So it is not made to appear that the workmen's compensation act relating to municipalities is unconstitutional so far as it affects the plaintiff in error. If it affects any other municipal corporation in the State, it will devolve upon such corporation, in its own behalf, to make its own complaint. We construe the words "municipal corporation" in section 2(a) of the act as referring only to cities and towns; and therefore the cases of *Floyd County* v. *Scoggins,* 164 *Ga.* 485 (139 S. E. 11), and *Murphy* v. *Constitution Indemnity Co.,* 172 *Ga.* 378 (157 S. E. 471), cited by counsel for the plaintiff in error, are not in point in the present adjudication.

We have spoken thus lengthily as to the specific provision of the workmen's compensation act which relates to municipal corporations, because we bear in mind that this court has several times declared that that portion of the act with reference to counties is unconstitutional and void, and because we are of the opinion there is a wide distinction between the rules of law which controlled our decisions in regard to counties and the absence, on the other hand, of any such restrictions upon cities, towns and villages as those which are enacted as to counties in the Civil Code of (1910), § 513. Therefore the only issue presented in this case is whether the superior court erred in affirming (and making the judgment of the court) an award which the department of industrial relations had made in favor of Mrs. Pickens against the municipal corporation. The city excepts upon the ground that the act of the General Assembly which confers upon municipalities the authority to compensate their employees for the results of injuries to which they may be subjected in the course of their employment is unconstitutional and void. Great reliance is placed upon the rulings in which this court has held that county authorities are neither liable nor are they authorized to pay such judgments. In the *Floyd County* case, supra, we held that the workmen's compensation act can not require *counties* to pay compensation to injured employees, because it violates the constitution of the State, which does not authorize taxes to be levied for this purpose. It was pointed out in that case that the specific purposes for which the municipal division of government known as a county may impose taxes are confined to designated and specific objects. Mr. Justice Hines, delivering the opinion of the court, said: "We do not think that under the power conferred by this provision the legislature can authorize counties to levy taxes to compensate employees for injuries received by them, or to provide benefits for those dependent upon them in case of their death, although provisions for these purposes might render the employees more efficient, and thus indirectly benefit the employer."

In *Murphy* v. *Constitution Indemnity Co.,* supra, the question was as to the jurisdiction of the industrial commission to make an award against a county board of education, whereby an automobile driver injured while he was employed by that board might be compensated. It was contended that the board of education was an agency by which the county handled its school matters, and that the

funds received by the board were "received from taxation" and from State school funds, and that the board had full power to arrange for the efficient operation of the schools, and further was given authority and power to provide means of transportation for pupils and teachers to and from school, and that therefore it should be liable for injuries to employees engaged in transporting the pupils. Mr. Justice Atkinson, delivering the opinion of the court, after citing the *Floyd County* case as well as *Smith* v. *Washington County Board of Education*, 153 *Ga.* 758 (113 S. E. 147), and *Board of Education of Houston County* v. *Hunt*, 159 *Ga.* 749 (126 S. E. 789), said: "The fund received by the Board of Education of Troup County for maintaining the schools is received from taxation, and from funds derived from the State school fund. The argument is offered by the plaintiff, that since the board of education is given power and authority to 'make all arrangements necessary to the efficient operation of the schools, and further is given authority and power to provide means of transportation for pupils and teachers to and from schools,' this language would include the furnishing of workmen's compensation insurance or liability for personal injuries to a bus driver engaged in transporting pupils to and from a consolidated school. The power to expend money by the board of education from funds derived from taxation is shown in *Board of Education* v. *Butler*, 154 *Ga.* 569 (115 S. E. 10), and *Pace* v. *County Board of Education*, 150 *Ga.* 777 (105 S. E. 366), and does not extend to the object above mentioned. It would be an unconstitutional expenditure of money by the Board of Education of Troup County to pay for personal injuries received by a bus driver under the circumstances herein stated, or for compensation insurance under the workmen's compensation act. . . The Constitution Indemnity Company issued its policy to indemnify the Board of Education of Troup County 'for any injury imposed or accepted by it under certain statutes.' It is not a question of allowing the insurance company to escape liability after the issuance of its policy, but the question is as to the jurisdiction of the Industrial Commission to make an award in this case. 'The Industrial Commission not being a court of general jurisdiction, and having no authority under the statute to award compensation for injury to an employee of the character above mentioned, jurisdiction as to such matter can not be conferred by act of the parties.' *Hartford Accident &c. Co.* v. *Thompson*, 167 *Ga.* 897 (147 S. E. 50)."

The *Thompson* case, from which the foregoing quotation was taken, was one in which one whose regular business related to duties as an official of a corporation employed persons to engage in the construction of a building to be used for himself as a residence. The court held he was not an employer, nor were the persons engaged in constructing the building *employees,* within the meaning of the workmen's compensation act. Consequently, this court held: "(a) Where a workman so employed suffers injury in the course of his employment, jurisdiction does not devolve on the Industrial Commission to award compensation under the provisions of the act. (b) The Industrial Commission not being a court of general jurisdiction, and having no authority under the statute to award compensation for injury to an employee of the character above mentioned, jurisdiction as to such matter can not be conferred by act of the parties." In other words, as stated in the opinion, the Industrial Commission (now the Department of Industrial Relations) has only such jurisdiction as is conferred by the statute under which it was organized and exists. "The claims for compensation over which that body may exercise jurisdiction must be founded on the relation of employer and employee as defined by the statute. The relation of employer and employee as defined by the statute is a jurisdictional fact in all cases addressed to the Industrial Commission." The provision of the workmen's compensation act (Ga. L. 1920, p. 167), so far as is pertinent, is as follows: "Employers shall include any municipal corporation within the State, and any political division thereof, and any individual, firm, association, or corporation engaged in any business operated for gain or profit, except as hereinafter excepted. . . Employee shall include every person . . except one whose employment is *not in usual course* of the trade, business, occupation, or profession of the employer." In the *Thompson* case it plainly appeared that in the alleged employment the business of the employer was that of an official of a corporation, and the work of the employee was that of constructing a residence for the employer, a work wholly disconnected from the business the employer carried on for gain or profit. Upon that vital point in this case the ruling in the *Thompson* case is controlling, because the facts of that case deprived the Industrial Commission of jurisdiction of the subject-matter. However, as pointed out by Mr. Justice Atkinson in the opinion, the reasoning of the Court of Ap-

peals might state sound doctrines applicable to the merits of a case of which the commission has jurisdiction.

So the first question which now arises is whether the Department of Industrial Relations had jurisdiction of the claim for compensation now under review. The employer was the City of Atlanta in its corporate capacity. In the language of the act, "Employers shall include any municipal corporation within the State. . . Employee shall include every person except one whose employment is *not* in the usual course of trade, business, occupation, or profession of the employer." The employee was a member of the city's "asphalt gang" working in repairing its streets. So it seems that if we were correct in our construction of the workmen's compensation act in *Hartford Accident &c. Co.* v. *Thompson,* supra, the city would clearly be subject to that legislation in the present instance. But the city attacks this portion of the workmen's compensation act upon the ground that it is in conflict with article 7, section 6, paragraph 1, of the constitution of 1877, which provides: "The General Assembly shall not authorize any county, municipal corporation, or political division of this State to become a stockholder in any company, corporation, or association, or to appropriate money for, or to loan its credit to, any corporation, company, association, institution, or individual, except for purely charitable purposes." The contention that this provision of the workmen's compensation act, so far as it relates to municipal corporations, is unconstitutional, is based upon the same grounds as were sustained in *Floyd County* v. *Scoggins* and *Murphy* v. *Constitution Indemnity Co.,* supra. We can not concur in the opinion that decisions relating to the absence of power of counties to levy tax for the insurance of its employees have any application to such municipal corporations as the plaintiff in error. The rulings in the two cases which we have just cited were necessarily compelled by reason of the fact that a county's power of taxation is confined and restricted by the provisions of the Code (1910), § 513, whereas it is a matter of judicial knowledge that no such restrictions are imposed upon the power of a municipality to tax. A city chartered by the State, if empowered by its charter to levy and collect occupation taxes of various kinds, may raise sufficient funds from which may be paid accident insurance for its employees. The municipality may allow employees to be engaged in repairing the streets where the funds

for the improvement have been obtained by reason of the adoption of the Oklahoma plan. There are various other sources of income which may be employed by a municipality, from which may be paid the premiums upon insurance obtained for the purpose of compensating for the injuries of the city's employees. Furthermore, in this case it does not appear, and no plea is presented, that the city has not in its treasury at the present time sufficient funds to enable it to perform the duty imposed upon it by the General Assembly; nor does it appear from this record that the necessary premium, even if a debt be created, is not such a current expense as may be discharged by the income which the city will receive within the current year. In all cases of doubt as to the constitutionality of an act, the doubt should be resolved in favor of constitutionality. Upon this principle, it is not made to appear that the court erred in sustaining the award of the Department of Industrial Relations.

While various sections of the constitution are formally specified, as required by the rules of this court, in the appeal by the city, no separate reference is made to any particular article, section, or paragraph in the brief of counsel for the plaintiff in error, nor are any authorities cited to support the contention that the provision of the workmen's compensation act as to municipal corporations is unconstitutional. However, we have carefully considered the question whether the act offends either one or all of the constitutional provisions set forth in the appeal, and have ruled upon each. The statements contained in the headnotes do not require further elaboration. Our conclusion upon the case as a whole is so well condensed and summarily stated in the judgment of the trial judge that we adopt it as a portion of our opinion: "The court is of the opinion that the act bringing municipalities within the provisions of the workmen's compensation act impliedly authorized municipalities to tax for that purpose, if indeed it is authorized under other charter provisions. The legislature has more liberal control of municipalities than of counties, since the latter are safeguarded more strictly in the constitution."

*Judgment affirmed. All the Justices concur.*