### 25453. BURKE *v.* WHEELER COUNTY.

82

Decided July 7, 1936. Rehearing denied July 23, 1936.

*Stauffer & Lee, H. W. Nalley, McDonald & McDonald,* for plaintiff.

*G. L. Hattaway, W. S. Mann,* for defendant.

Sutton, J. This is a suit by a public accountant against Wheeler County, for services rendered by the plaintiff and his assistants in auditing the books of the county tax-collector. A sole commissioner of roads and revenues was in charge of the affairs of said county. The petition alleged that the plaintiff was employed by the commissioner to audit the books of the tax-collector for the years 1931 and 1932, and was to receive therefor a reasonable compensation together with expenses; and that after this work was begun it became apparent that it would be necessary to make a more complete audit, and a new contract of employment was entered into, to audit the books of the tax-collector for the years 1929 to 1933 inclusive, which contract was thereafter reduced to writing and entered on the minutes of the county commissioner before this suit was brought. This contract provided that the plaintiff and his assistants were employed to audit such books, and the county agreed to pay "one half of a reasonable sum for such services for each day said accountant and his assistants are engaged in said work, the other half of such compensation to be paid by the Wheeler County Board of Education." The suit was brought in four counts, the first on the contract for the full amount of what was alleged to be a reasonable compensation for the services of plaintiff and his assistants, and their expenses, which services and expenses were itemized in the petition in all counts; the second count was on a quantum meruit for the value of such services and expenses; the third count was on the contract, and it was alleged that the plaintiff was entitled to recover one half of the reasonable compensation and expenses incurred in doing this work; and the fourth count was alleged to be on a quantum meruit for the alleged value

of certain services alleged to have been rendered to the county. The plaintiff, however, stated in his brief that "In count four petitioner likewise sued Wheeler County for the same sum, but on a quantum meruit," referring to the amount sued for in the third count. It was alleged that the services performed were efficient and in compliance with the contract of employment and that the sum asked for was a fair, reasonable, and customary charge for such services. It was also alleged in the third count that one half of the services rendered and expenses incurred amounted to $3112.85, that there had been paid on the contract $1971.50, and that the balance of $1141.35 was due under the contract. The defendant filed an answer in which it set up that the services were not performed in accordance with the contract, that the same were not worth the amount charged therefor, that the contract was not originally in writing and put on the minutes, and was illegal and unenforceable, and that the plaintiff had received $1150 from the county board of education, which was an illegal payment, being county-school funds, to which plaintiff was not entitled, and which the county board of education had no right or authority to pay to plaintiff. The judge overruled the plaintiff's motion to strike the portions of the defendant's answer seeking to recover said $1150; and on plaintiff's admission that he received said sum from the county board of education, and without allowing him to introduce any evidence in support of his petition, the judge, on motion of the defendant that no issue of fact was involved under the pleadings, directed a verdict against the plaintiff and in defendant's favor on the cross-action for $1150; to all of which the plaintiff excepted.

■ Where the affairs of a county not having a city therein of 85,000 or more inhabitants are managed by a sole commissioner of roads and revenues, such commissioner is authorized to employ an accountant to examine and audit the books and records of various county officers, including the county tax-collector. Code, § 23-1301; also see act of 1924 (Ga. L. 1924, p. 378), creating the office of a sole commissioner for Wheeler County, and giving to him authority to audit the books of various county officers, including the tax-collector. So the county commissioner, acting in behalf of Wheeler County, was authorized to employ the plaintiff, a public accountant, to audit the books of the tax-collector, and the

contract between him and the plaintiff for this purpose was authorized by law and was valid in so far as it obligated the county to pay one half of a reasonable compensation therefor.

■ The contract sued on in this case was in writing and was recorded on the minutes of the county commissioner of Wheeler County; and while it states that it was made on December 5, 1933, but was not signed until July 17, 1934, which was after the audit had been completed but before the suit was instituted, we are of the opinion that this was a sufficient compliance with the law to authorize the bringing of a suit on the contract here declared on. The Code, § 23-1701 (386), provides that "All contracts entered into by the ordinary with other persons in behalf of the county shall be in writing and entered on his minutes." This statute does not state when the contract must be entered on the minutes of the ordinary or county commissioner, nor does it say that it can not be reduced to writing or signed by the parties at a date after the contract is made. It was held in *Wagener* v. *Forsyth County,* 135 *Ga.* 162 (68 S. E. 1115), that it was sufficient if the contract was placed on the minutes before the suit was brought, although after the work to be done thereunder had been completed. This court has considered the cases relied on by the county. In *Nolan* v. *Cobb County,* 141 *Ga.* 385 (81 S. E. 124, 50 L. R. A. (N. S.) 1223), it was held that a sheriff was not authorized to make a contract in behalf of the county by employing a physician to operate on a prisoner in the county jail. In *Sosebee* v. *Hall County,* 50 *Ga. App.* 21 (177 S. E. 71), the contract was oral, and was never reduced to writing and recorded on the minutes. In *Murray County* v. *Pickering,* 42 *Ga. App.* 739 (157 S. E. 343), it was held that a mere oral agreement employing an attorney to represent the county in a certain cause, even though it was embodied or recited in a resolution adopted by the county commissioners and entered on the minutes, was not binding on the county. In *Ward* v. *State Highway Board,* 172 *Ga.* 414 (157 S. E. 328), an oral contract between the county commissioners and certain road contractors, which was not reduced to writing and entered on the minutes, was held invalid under the Code of 1910, § 386 (1933, § 23-1701).

■ The plaintiff was bound by the contract the same as the county was bound thereby, and the extent of the liability of the county thereunder is expressly limited to one half of a reasonable

compensation for the services performed by the plaintiff in pursuance thereof. Under the allegations of his petition and the questions raised by the answer, there were issues of fact as to whether the plaintiff was entitled to any amount, in addition to what he alleged had been paid to him under the contract, as a fair and reasonable compensation per diem for the services performed by him and his assistants under the contract, whether he had performed the contract as agreed, and whether the amount claimed was a reasonable compensation. The contract being lawful, and the county being liable thereon to the extent of one half of the compensation, the third count of the petition set up a cause of action against the county for half of whatever balance, if any, was due to the plaintiff for the services performed thereunder, and he was entitled to introduce evidence in support thereof. The judge erred in directing the verdict against the plaintiff and for the defendant, without allowing the introduction of evidence.

■ This contract was not signed by the county board of education; nor did it appear that it in any way agreed thereto, unless it inferentially did so by making the payment of $1150 from the school funds of the county to the plaintiff. But be this as it may, the county board of education could not legally make this kind of a contract; nor would a payment by it from the school funds of the county be binding. Public funds can not be expended unless such expenditure is authorized by law, and money belonging to the public-school funds can not be used for any other than school purposes. This contract was illegal in so far as it undertook to obligate the county board of education to pay one half of plaintiff's compensation. There is no authority in law for the county board of education to enter into a contract employing an accountant to audit the books of the tax-collector of the county. The powers and duties of the board are limited and are defined by law. See Code, §§ 32-901 et seq. The fact that this money was paid by the county board of education under an illegal and unauthorized contract would not estop or prevent the proper authorities of the county from bringing a suit for the recovery of the same. See 13 C. J. 497; 21 C. J. 1214; 48 C. J. 739, note 59; *City Council of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696, 734 (32 S. E. 907). A wrongful payment made by a public officer is not a voluntary payment in so far as the public corporation is concerned. If the thing

done is illegal or not warranted by law, however beneficial it may be, the public is not estopped to deny its validity. 21 C. J. 1214; *Dawson* case, supra. The ordinary rule governing individuals, that when a contract is illegal or against public policy the law will leave the parties where it finds them, does not apply where the public is one of the parties. 13 C. J. 1214. The county board of education is merely an agency through which the county acts in school matters. It is not an independent organization or a political division. It is "not a body corporate with authority to sue and be sued, in the ordinary sense." *Mattox* v. *Board of Education,* 148 *Ga.* 577, 580 (97 S. E. 532, 5 A. L. R. 568); *Smith* v. *Board of Education,* 153 *Ga.* 758 (113 S. E. 147); *Board of Education* v. *Hunt,* 29 *Ga. App.* 665 (116 S. E. 900), s. c. 159 *Ga.* 749 (126 S. E. 789); *Murphy* v. *Constitution Indemnity Co.,* 172 *Ga.* 378 (157 S. E. 471). It is illegal to divert public funds from their particular purpose. School funds are to be used for school purposes. Code, §§ 32-942, 92-3708; *Atlanta Chamber of Commerce* v. *McRae,* 174 *Ga.* 590 (163 S. E. 701); *Marks* v. *Richmond County,* 165 *Ga.* 316 (140 S. E. 880). The county board of education had no authority in this case to enter into a contract to employ an accountant to audit the books of the tax-collector of the county, and the public-school funds in its possession could not legally be paid to the plaintiff for the purpose of compensating him on this contract, even though the contract was binding on the county in so far as it had agreed to pay one half of the compensation for his services. He can not defend his retention of any part of the school funds on the ground that the county board of education alone had any claim to the same. Where public funds are illegally paid out by county officials or by some agency of the county, it is proper for the county to bring a suit for the recovery of the same. The matter of the disposition of the funds recovered by the county is of no concern of the plaintiff. *Palmer* v. *Burke County,* 180 *Ga.* 478 (3) (179 S. E. 344); *Henry* v. *Means,* 137 *Ga.* 153 (72 S. E. 1021). Under the foregoing principle, a recovery of the public-school funds illegally paid to the plaintiff was proper subject-matter for the cross-action of the county, which was not subject to be stricken on the plaintiff's motion.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*