BACON *et al.,* commissioners, *v.* BOARD OF PUBLIC EDUCATION FOR CITY OF SAVANNAH AND COUNTY OF CHATHAM.

1. Under the constitutional and statutory law applicable (as set forth in the opinion, infra), the board of county commissioners, on recommendation of the board of public education for the City of Savannah and the

Mandamus, 38 C. J. p. 780, n. 96.
Schools and School Districts, 35 Cyc. p. 1002, n. 7; p. 1003, n. 12.

County of Chatham, had authority, without any election, to levy a local tax for support of the schools, not to exceed five mills on the dollar, on all the taxable property of the county.

2. The act of 1922 (Ga. L. 1922, p. 153), conferring authority upon any county to hold an election to determine as to imposing, for public schools, a tax levy additional to the maximum of five mills on the dollar of taxable property as allowed by the constitutional provision (Park's Code Supp. 1922, § 6579), is not violative of that provision.

3. Making the mandamus absolute was not erroneous.

No. 6058. JANUARY 11, 1928. OPINION REFILED FEBRUARY 10, 1928.

Mandamus. Before Judge Meldrim. Chatham superior court. May 30, 1927.

The State of Georgia on the relation of "the Board of Education for the City of Savannah and the County of Chatham" brought a petition for mandamus against Oliver T. Bacon and others, as "commissioners of Chatham County and ex-officio judges," and alleged the following: Relator is a body corporate and politic created by the laws of Georgia, and as such has and exercises the exclusive control and supervision and management of the public schools of the City of Savannah and of the County of Chatham, and all of the property pertaining thereto; and is exclusively entitled to demand and receive all taxes levied and collected or appropriated for the support of the public schools for the City of Savannah and County of Chatham, and all educational funds pertaining thereto; and is exclusively entitled to expend and distribute the same for the purposes aforementioned. Article 8, sec. 4, par. 1, of the constitution of the State of Georgia, as amended in 1920 in accordance with the act of August 18, 1919 (Ga. L. 1919, p. 66; Park's Code Supp., § 6579), is quoted (see paragraph 2 of the opinion). The act of August 19, 1922 (Ga. L. 1922, p. 143), provides for the election prescribed by the above-recited constitutional provision, to determine whether an additional levy to that already allowed shall be permissible (quoting it). Under art. 8, sec. 4, par. 1, of the constitution, as it read prior to the amendment of 1920, no taxes could be levied by a county for the support of the public schools. Prior to 1916, the "commissioners of Chatham County and ex-officio judges" had been levying taxes on all the property of the county for the support of the public schools, without the election required by said provision of the constitution; and on June 26, 1916, the Supreme Court of Georgia in the case of *Richter* v. *Bacon*, 145 *Ga.* 408, decided that the levy of said taxes

without being authorized by an election, as prescribed by said constitutional provision, was illegal. Thereupon section 1534 of the Code of 1910 (which was the law prescribing the manner of holding elections to determine whether taxes should be levied by counties for the support of the public schools) was amended by the act of July 18, 1916 (Ga. L. 1916, p. 36), so as to make it applicable to the local school system of Chatham County. In the year 1916 an election was held in Chatham County under the provisions of Code § 1534 as amended, and in and by said election a school tax of five mills on the dollar on all of the property of the county was voted, and since 1916 the commissioners of Chatham County and ex-officio judges, have levied annually, upon the recommendation of relator, said tax of five mills on the dollar on all property of the county, for the support of the public schools thereof. The ordinary of Chatham County, after receiving a petition from more than one fourth of the qualified voters of the county, duly called an election to be held on June 29, 1926, to determine whether a levy of five mills on the dollar for public-school taxes, additional to the maximum levy of five mills already allowed, shall be permissible. Under the act of August 19, 1922, recited above, such an election as was called by the said ordinary is required to be called, held, and the result declared for counties in the manner prescribed in § 1534 of the Code of the State of Georgia of 1910, and the acts amendatory thereof, and for school districts and independent local systems in the manner prescribed in § 1535. The provisions for calling, holding, and declaring the result of such elections prescribed in § 1534 for counties, and in § 1535 for school districts and independent local systems, are identical, with the exception that in § 1534 the ordinary is required to publish the notice of the election "in at least three weekly issues in the county newspaper in which local advertisements of the county are published;" whereas in § 1535 it is required that notice of the election "shall be posted in at least three conspicuous places in the district ten days prior to the election." The ordinary duly published notice of the election in the newspaper in which local advertisements of the county are published, as required by § 1534; and posted a notice in three conspicuous places, as required by Code § 1535. The election was duly held on June 29, 1926, and the ordinary declared the election carried by more than two thirds

of those voting for a levy of five mills on the dollar, for public-school taxes additional to the maximum levy of five mills already allowed. The public-school system of the City of Savannah and the County of Chatham is an "independent local system" in the sense in which that term is used in that clause of art. 8, sec. 4, par. 1, of the constitution of Georgia, quoted above, which permits an additional levy to that already allowed, not to exceed five mills, in independent local systems on a two-thirds vote of those voting. The County of Chatham is also a "school district" in the sense in which that term is employed in the above-quoted clause of the constitution. Territorially the "independent local system" under which the public schools of the City of Savannah and the County of Chatham are conducted is identical with the County of Chatham, and the whole county is one school district, it being incapable of subdivision into several separate school districts, because of the independent local system under which the said public schools are controlled, supervised, and managed, under which it is contemplated that there shall be one unified control, supervision, and management over all of the schools of the city and county. Therefore the election which was held on June 29, 1926, was called, held, and the result thereof declared, both under Code § 1534, and the amendments thereto, and under § 1535, and the election was carried in favor of the said levy additional to that already allowed, not to exceed five mills, on a two-thirds vote of those voting in the county, in the independent local system and in the school district, and the election was an election at one and the same time for the County of Chatham, for the independent local system controlled and managed by relator, and for the school district of Chatham County. On January 10, 1927, relator by resolution duly passed, recommended to the "commissioners of Chatham County and ex-officio judges" that a tax of five mills on the dollar, additional to the maximum levy of five mills already allowed, be levied for the support of the public schools for the year 1927, upon all the property for the county, which was made permissible under the said election called by the ordinary of Chatham County and held June 29, 1926. This resolution was duly served on the said commissioners. The commissioners declined to levy the tax of five mills on the dollar, additional to the tax of five mills already allowed. The "commissioners of Chatham County and ex-officio

34

judges" are an official body created by and existing under the laws of the State of Georgia, composed of Oliver T. Bacon, chairman, and four other named commissioners, all of whom are residents of Chatham County, and they have exclusive power under the law to levy taxes on property in Chatham County for public-school purposes. The commissioners have no discretion in the matter, and are required to levy the said tax when recommended by relator, as a mere ministerial act. Relator has a clear legal right to have said tax levied by the defendants, who are under a clear legal duty to levy said tax as so recommended. Relator is without adequate remedy at law, except by mandamus, and accordingly prays that such writ issue against the commissioners of Chatham County and ex-officio judges, commanding them to levy for the year 1927 a tax for the public schools, of five mills on the dollar on all the property in the county, additional to the tax already allowed, which additional tax was made permissible by the said election on June 29, 1926, and which has been recommended by the relator.

The judge of the superior court issued a mandamus nisi.

The defendants demurred upon the following grounds: "1. The petition is insufficient in law to entitle the petitioner to the issuance of the mandamus sought against respondent. 2. Respondents are not authorized under the laws and constitution of the State of Georgia to levy the tax which the relator seeks by the petition herein to have respondents commanded to levy. 3. There is no authority under the laws and constitution of the State of Georgia authorizing or permitting respondents to levy the tax which the relator seeks to have respondents commanded to levy. 4. The act approved August 19, 1922 (Ga. L. 1922, p. 153), in so far as it seeks to confer authority upon any county to hold an election to determine whether a levy for public schools shall be made additional to the levy of the maximum tax of five mills on the dollar allowed by par. 1, sec. 4, art. 8 of the constitution of the State of Georgia, as amended by the amendment ratified November 2, 1920, is unconstitutional, because said par. 1, sec. 4, art. 8 only permits a levy for public school taxes additional to the levy of the maximum tax of five mills on the dollar allowed by said constitutional provision to be made in independent local systems, municipalities, or school districts, and does not permit such an additional levy to be made county-wide, that is to say, on all taxable

property in any county, as is sought to be required in this mandamus proceeding. The General Assembly of Georgia was therefore without authority to provide by said act for the holding of an election for such purpose, and the ordinary of Chatham County would have no authority to call such election for such purpose; and such election, if held, would be void and of no effect, and in contravention of such constitutional provision, and would create no duty upon, nor confer any legal power on, said commissioners of Chatham County to levy and collect such an additional levy to that already allowed and being levied of five mills on all the taxable property within the entire County of Chatham." The defendants also answered, denying the material allegations of the petition, and averring that the act of August 19, 1922, supra, in so far as it attempted to authorize such election for such purpose is unconstitutional and void, because in contravention of art. 8, sec. 4, par. 1, of the constitution.

After the hearing, "there being no issue of fact involved," the judge made the mandamus absolute. To this judgment the defendants excepted.

*Anderson, Cann & Cann,* for plaintiffs in error.

*Lawton & Cunningham* and *Adams, Adams & Douglas,* contra.

HILL, J. 1. The school system in Chatham County, under the acts of 1866 (Ga. L. 1865-6, p. 78; Acts 1866, p. 175), is an independent local school system, the territorial limits of which are coextensive with the limits of the county. The ruling in *Glenn* v. *Trion Co.,* 157 *Ga.* 639, that "The word 'independent,' as used in the constitution, denotes a system of schools under different control from the system of public schools for which the county-wide tax is authorized to be collected," has no application to the present case, because the County of Chatham was by law an entire system existing prior to the constitution of 1877, and was not divided up so as to contain separate systems. Article 8, section 4, paragraph 1, of the constitution, quoted in the next succeeding paragraph, contains the language: "No additional election shall be required to maintain any local school tax now in existence . . . provided this bill shall not apply to counties having a local school system of taxation adopted prior to the constitution of 1877." The County of Chatham did not have a local system of taxation prior to the constitution of 1877 (*Richter* v. *Bacon,* 145 *Ga.* 408), and

therefore said provision of the constitution is not applicable to the County of Chatham.

2. Article 8, section 4, paragraph 1, of the constitution of Georgia (Civil Code of 1910, § 6579), as amended (Ga. L. 1919, p. 66), provides as follows: "Authority is granted to the counties and municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation. The proper county authorities whose duty it is to levy taxes for county purposes in this State shall, on the recommendation of the board of education, assess and collect taxes for the support of public schools under its control, not less than one nor more than five mills on the dollar of all taxable property of the county outside of independent local systems, which shall be distributed equitably according to the school population, tax values, the number of teachers and their grade of license, among the public schools therein. An additional levy to that already allowed, not to exceed five mils, shall be permissible in independent local systems, municipalities, or school districts on a two-thirds vote of those voting. No additional election shall be required to maintain any local school tax now in existence in districts, counties, or municipalities; provided this bill shall not apply to counties having a local school system of taxation adopted prior to the constitution of 1877." Under the above provision of the constitution of this State, express authority is granted to counties and municipalities, upon the recommendation of the corporate authority, to establish and maintain public schools within their respective limits by local taxation. This broad power applies throughout the territorial limits of the county or municipality constituting a taxing district, and may apply to the county or municipality as a whole, and will apply to a county as a whole where the county is one independent local school system. The rate of taxation is "not less than one nor more than five mills on the dollar," which, as applied to a local school system such as that provided for by law in Chatham County, is leviable on all the taxable property in the county. The provision of the constitution authorizing the levy of said rate of taxation "on all taxable property of the county outside of independent local systems" applies to instances where the county is so subdivided that it contains both independent local school systems and other territory outside of

such systems in which the public schools of the county generally are maintained, and does not deny the power of the county authorities, in a county the local school system of which is coextensive with the limits of the county, to levy the tax merely because there is no part of the county "outside of" the local school system.

Under the foregoing construction of the constitution the board of commissioners of the County of Chatham, on recommendation of the board of public education for the City of Savannah and County of Chatham, had authority, without any election, to levy a local tax for support of the schools, not to exceed five mills on the dollar, on all the taxable property in the county. The language in the above provision of the constitution, "An additional levy to that already allowed, not to exceed five mills, shall be permissible in independent local systems . . on a two-thirds vote of those voting," applies to an independent local school district such as is the County of Chatham under the provision of the legislative enactment referred to in division 1, supra. Under that provision, the board of county commissioners had power to levy the additional tax upon a vote of two thirds of those voting at an election regularly held to determine whether such additional tax should be levied.

3. The act of 1922 (Ga. L. 1922, p. 153), in so far as it seeks to confer authority upon any county to hold an election to determine whether a levy for public schools shall be made, additional to the levy of the maximum tax of five mills on the dollar, allowed by art. 8, sec. 4, par. 1, of the constitution of Georgia (Civil Code of 1910, § 6579), as amended by the act of 1919 (Ga. L. 1919, p. 66), ratified in 1920, is not violative of said provision of the constitution.

4. No issue of fact was involved in the case, and the judge did not err in making the mandamus absolute.

*Judgment affirmed. All the Justices concur, except Gilbert, J., who dissents.*

GILBERT, J., dissenting. The judgment of the trial court is affirmed on the theory that the school system of Chatham County is a school district authorized to levy taxes under article 8, section 4, paragraph 1, of the constitution of Georgia. It appears to me that this provision has no application whatever to the local school system of that county. That provision was proposed to the

voters by virtue of a resolution of the General Assembly adopted in 1919, and during the same session the legislature adopted the "Code of School Laws." This lends strength to the view that the aforesaid amendment to the constitution had reference to the school districts mentioned in the "Code of School Laws." Ga. Laws 1919, p. 288 et seq. In the section mentioned the constitution provides for the collection of taxes for the support of the public schools, of "not less than one nor more than five mills on the dollar of all taxable property of the county *outside of independent local systems*" (emphasis mine). That would exclude any tax in Chatham County under that provision, because the entire county is the independent system. The majority construe that language as authorizing a county-wide tax for school purposes; and the section following it, which provides that "an additional levy to that already allowed, not to exceed five mills, shall be permissible in independent local systems, municipalities, or school districts on a two-thirds vote of those voting," as authorizing an additional levy of five mills throughout Chatham County. I do not think that the school districts there mentioned have any reference to the special and independent local school district in Chatham County, created prior to the adoption of the amendment to the constitution and specially excepted from its provisions in article 8, section 5, paragraph 1 (Code, § 6580). The latter declares that "existing local school systems shall not be affected by this constitution."