[No. 2420. Decided March 1, 1897.]

THE COUNTY OF KITTITAS, *Respondent*, v. JOHN F. TRAVERS *et al.*, *Appellants*.

COUNTY TREASURER — LOSS OF PUBLIC FUNDS — MARRIED WOMEN — LIA-
BILITY AS SURETIES.

A county treasurer and his bondsmen are liable for the loss of public moneys through the failure of a bank, where they have been deposited by the treasurer, though the deposit therein had been made with the knowledge, consent and approval of the county commissioners.

Personal judgment against a married woman and the subjection of her separate estate thereto is warranted for liabilities incurred as surety upon an official bond.

Appeal from Superior Court, Kittitas County.—Hon. CARROLL B. GRAVES, Judge. Affirmed.

*H. J. Snively*, and *Edward Pruyn*, for appellants.
*Eugene E. Wager*, for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This is an appeal from a judgment

obtained by the county upon the treasurer's bond. The default was occasioned by the failure of a bank wherein the treasurer had deposited county funds, and it is conceded, as to one ground of contention, that the case falls within *Marx v. Parker*, 9 Wash. 473 (37 Pac. 675, 43 Am. St. Rep. 849), and *Fairchild v. Hedges*, 14 Wash. 117 (44 Pac. 125), unless the fact that the treasurer had deposited the money in such bank with the knowledge, consent and approval of the board of county commissioners would except it therefrom. We do not see how this fact would make any difference. The commissioners had no power to bind the county by thus virtually substituting the responsibility of the bank for the treasurer's bond, even if they undertook to do so. The duties and liability of the treasurer are fixed by law, and he, and not the county commissioners, is the custodian of the county money.

It is further contended by three of the appellants, who signed the bond as sureties and were married women at the time, that the court erred in entering up a personal judgment against them for which their separate estate would be liable, for the reason that, in order for them to incur a charge against their separate estate the intention to do so must be declared in the contract, or the consideration obtained for the benefit of the estate itself, neither of which appeared in this instance. It is contended that their joining in the contract did no more than to subject the community real estate to liability for a judgment obtained upon the bond. But we do not think this position is well taken. While a married woman has not the unlimited right to contract with reference to the community property, or bind the same, she has the right with reference to her separate estate, (§ 1410 Gen. Stat.), and the effect of this contract was to subject the en-

34—16 WASH.

tire property, community and separate, to the satisfaction of the judgment obtained thereon, except such property as is exempted by statute.

Affirmed.

ANDERS, REAVIS, DUNBAR and GORDON, JJ., concur.