## BOARD OF EDUCATION OF STEPHENS COUNTY *v.* PALMER.

P. contracted with the board of education of the county of S. to teach a common school located near the county line between the county of S. and the county of F., at a salary of $40 per month.  The board of education of S. county having refused to pay the teacher's demand for the full amount of his salary at the rate of $40 per month, he brought suit against the board of education of that county.  The defendant denied owing the amount claimed ($120, the aggregate amount of the salary for three months), but admitted that it was indebted to the plaintiff in the sum of $19.79, this being the amount of the teacher's salary for three months, less $100.21 which had been paid by the county school commissioner of the county of F. from the common-school fund

on account of children from that county who attended the school which the plaintiff had been employed to teach. *Held*, that the uncontroverted evidence showing that the plaintiff had received $100.21 on account of the attendance of children from the county of F. at the school taught by him, the court erred in giving a charge which authorized the jury to return a verdict for the full amount of the salary claimed, with no deduction on account of the amount paid by the county school commissioner for the county of F.

June 23, 1910.

Complaint. Before Judge Kimsey. Stephens superior court. May 7, 1909.

The contract sued on was signed by Palmer and by the county school commissioner on behalf of the board of education. It contained (among others not here material) the following terms: "The Board of Education of Stephens County promises to pay of the common-school fund, to Prof. C. C. Palmer for teaching a school for white children in————subdistrict of said county at Martin schoolhouse, for five months of the school year ending December 31st, 1906, a salary of $40 forty dollars per month. . . The board reserves the right to diminish equitably said salary, or to suspend said school, if the regular attendance falls below 12; and if the regular attendance exceeds fifty pupils, then the board shall employ, or have employed an assistant, and pay said assistant, upon separate written contract, such salary as may be deemed just and reasonable. . . The spring term to continue three months; the summer term to begin July 16, 1906." Palmer sued the Board of Education of Stephens County to recover $120 and interest, for teaching three months, alleging that he had complied fully with the terms of the contract, and that the county refused to pay him the amount due and sued for. The defendant answered by setting up that Palmer had collected from Franklin County the sum of $100.21 on account of pupils from that county who attended the school during the three months in question, and contended that this time belonged to Stephens County, and that it was entitled to have this amount deducted from the salary which defendant had contracted to pay to plaintiff, and therefore that it owed plaintiff only $19.79. Under instructions from the court the jury found for the plaintiff the full amount sued for, with interest. The case was brought to this court by direct bill of exceptions.

*N. R. C. Ramey* and *J. B. Jones*, for plaintiff in error.
*Robert McMillan*, contra.

BECK, J.   Under the terms of the contract set forth in the statement of facts, the teacher, the plaintiff in this case, was entitled to receive $40 per month as his entire compensation, and he was not entitled to any additional pay from the county-school fund of either the County of Franklin or the County of Stephens. The Board of Education of Stephens County had authority, under the provisions of § 1370 of the Political Code, to make employment of teachers at a salary; and when Palmer accepted this, it was in lieu of the right to participate in the common-school fund which, in proportion to the attendance of pupils upon the school, he could have claimed in the absence of a contract to teach at a salary. The school taught by the plaintiff was located near the county line of Stephens and Franklin counties; and § 1378 of the Political Code provides in such cases, that, "when a common school is located near a county line, children from an adjoining county may, by consent of the county boards of the respective counties, be permitted to attend the school. In such cases the teacher shall make out two accounts, one against each county board, in amount proportioned to the number of children in the school from the respective counties." Under the provisions from that part of the section just quoted, while it was the duty of the teacher to make out two accounts, one against the board of Franklin county as well as one against the board of Stephens county, he was not entitled to receive any portion of the common-school fund from either county in addition to the salary stipulated in the contract; and inasmuch as payments amounting in the aggregate to $100.21 were actually made to him by the county school commissioner of Franklin county, upon the approval of the county school commissioner of Stephens county, the amount so paid should have been treated as a credit upon the amount of salary due for three months teaching; and a verdict for the full amount of the salary stipulated in the contract, without allowance of such credit, was unauthorized by the evidence.

Under the ruling which we have made above, it is unnecessary to consider the question as to whether the contract which is under consideration was entire and of such a character that the plaintiff was not entitled to recover unless he had completed the term of five months during which he had agreed to teach; because in the answer of the defendant it is distinctly admitted that defendant

was indebted to the plaintiff in the sum of $19.79, which was the aggregate amount of the salary contracted to be paid for a period of three months, diminished by the amount which the teacher had received from the county school commissioner of Franklin county.

<em>Judgment reversed.   All the Justices concur.</em>