### 12492.   FERGUSON et al. v. SMITH.

JENKINS, P. J.   This is an action on a quantum meruit by a teacher against the board of education of Glascock county, for monies alleged to have been earned in teaching children of the county.   The services, the rendering of the account to the board, and the filing of the suit all preceded the enactment of the present Code of School Laws (Ga. L. 1919, pp. 288-363), and the questions raised are determinable under the antecedent law.   The defendant moved for a nonsuit and dismissal of the case upon the ground that the suit filed was not the proper remedy

to enforce the collection of the account, but that the only remedy was by mandamus against the board of education, and against the county superintendent of schools, requiring him to audit the account as a condition precedent to its payment by the board. The court overruled the motion, and exceptions pendente lite were taken and were preserved in the bill of exceptions. A verdict was found for plaintiff. From the undisputed evidence it appeared that no audit of the account had ever been made by the county school commissioner or superintendent, and no order for its payment had ever been passed by the board. *Held:*

1. The statutes of the State provide that all accounts for common-school expenses shall be first audited by the county school commissioner (or superintendent) " before application is made to the county board for an order of payment," and that " on the first day of each month " such officer " shall, under the approval of the county board of education, transmit to the State school commissioner an itemized statement of the various sums due and unpaid by the county board of education . . . whether the same be for teachers' salaries " or other items " properly chargeable under the law to the county board of education," and that, after approval and the issue of warrants by the required State officials, checks shall be drawn by the State treasurer in favor of the county school commissioner (or superintendent), and shall be transmitted to such officer, " who shall promptly disburse the money so received in payment of the sums set out in the itemized statement aforesaid." Likewise, for money borrowed by the county board for the payment of teachers, the county commissioner (or superintendent) is made the responsible disbursing officer in the same way as of State funds. Civil Code (1910), §§ 1501, 1548, 1548 (g).

2. Whether or not, after a compliance with the preliminary statutory requirements, a teacher may sue a county board of education as such, and recover a money judgment for his unpaid salary (*Board of Education of Stephens County* v. *Palmer*, 134 *Ga.* 662 (68 S. E. 583), such a judgment " would be of no practical value, . . as it could subject nothing to levy and sale; therefore a suit at law of this character would afford . . . no remedy." But in such a case " mandamus is the remedy to compel a public officer or a county board to perform a duty imposed by law." *Mattox* v. *Board of Education*, 148 *Ga.* 577, 581 (97 S. E. 532, 5 A. L. R. 568). " For a refusal by a county school commissioner to audit a claim," such a proceeding " will lie to compel him to do so." *Cheney* v. *Newton*, 67 *Ga.* 477. If, after such audit, the county board refuses to act in approving for payment a meritorious account, or if the county commissioner or superintendent refuses to take the statutory steps for obtaining the money, or to pay the same after its receipt, mandamus is still the proper and exclusive remedy.

3. It was error to refuse the grant of a nonsuit.

*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED DECEMBER 14, 1921.

Complaint; from city court of Savannah — Judge Freeman. April 11, 1921.

*Alvan B. Rowe, William R. Sanderson,* for plaintiff in error.

*Edwards & Lester,* contra.