## 13681. BOARD OF EDUCATION FOR HOUSTON COUNTY
## *v.* HUNT.

A county board of education is not a body corporate with authority to sue and be sued, in the ordinary sense.

DECIDED FEBRUARY 20, 1923.

Action for breach of contract; from city court of Houston county — Judge Riley. May 18, 1922.

*C. E. Brunson,* for plaintiff in error. *John P. Ross,* contra.

LUKE, J. A suit against the board of education of Houston county, was brought by J. M. Hunt to the May term, 1922, of the city court of that county for breach of a contract made with him to transport pupils for designated periods to and from schools. The plaintiff alleged substantially that he entered into and performed his contract to transport pupils during the nine months ending with the closing of the Perry school in the summer of 1921, and the board paid him for eight months work, but refused to pay him $150 due for the ninth month. He further alleged that on August 16, 1921, he contracted with the board to transport pupils from Lakeside school to and from the school at Perry for $80 per month for a period of eight school months of four weeks each; that after he had performed his part of the contract for one month and had been paid therefor, upon his refusal to transport without additional compensation pupils other than those he had contracted to carry, he was discharged by the board and not permitted to carry out his contract, though he was able and willing so to do, and actually did during the month of October, 1921, have his truck and driver appear at the proper places and times to transport the pupils he had contracted to carry. He claimed damages in the amount of $420 for the seven months he was denied the rights of his contract. The defendant demurred to the petition, upon the ground that the county board of education of Houston county " was not a body corporate with authority to sue and be sued." This demurrer was overruled, and the defendant excepted.

The opinion of a majority of the court is as follows: The only question for adjudication by this court is whether or not a county board of education constituted under sections 1478 et seq. of the Civil Code of 1910 (see also Code of School Laws, Ga. L. 1919, p. 320, and 8 Park's Ann. Code, § 1437 (a) et seq.) is subject to an ordinary suit at law for the breach of a contract? Section 1525 (d) of Park's Annotated Code is not operative in Houston county; and the laws under which the board was created nowhere provide that a county board of education is a body corporate capable of suing and being sued. In the absence of such legislative authority, it is the settled law of

this State that a county board of education is not a body corporate with authority to sue and be sued, in the ordinary sense. Such a board is not the custodian of the public funds, and money due a person under a contract entered into between him and the board is payable out of the public funds when approved by the board. Even if a county board of education could be sued, a money judgment against the board would be of no practical benefit to the plaintiff, as it could subject nothing to levy and sale. Consequently, a suit at law of this character would afford the plaintiff no remedy. Mandamus is the proper remedy to compel a county board of education to perform a duty imposed by law. It is the only remedy in this case, because it is the only adequate and specific remedy at law. The case of *Mattox* v. *Board of Education,* 148 *Ga.* 577 (2), 580 (97 S. E. 532, 5 A. L. R. 568), is direct authority for the above statements, and that case has been cited and quoted with approval in the recent cases of *Smith* v. *Board of Education,* 153 *Ga.* 758 (2) (113 S. E. 147), and *Ferguson* v. *Smith,* 27 *Ga. App.* 806 (2) (110 S. E. 42).

The case of *Board of Education of Doerun* v. *Bacon,* 22 *Ga. App.* 72 (2) (95 S. E. 753), does not conflict with the ruling now made. That case was a suit for damages for the breach of a contract of employment brought against the board of education of the *Town* of Doerun; whereas the instant suit is one for damages for the breach of contract brought against the *county* board of education for Houston county. When the county board of education acts upon matters lawfully within its jurisdiction, it is the county acting through " its corporate authority " (*Smith* v. *Board of Education,* supra); and a county is not liable to suit unless there is a law which in express terms or by necessary implication so declares (*Millwood* v. *DeKalb County,* 106 *Ga.* 743, 32 S. E. 577), but a town or city may be. The facts of the other cases cited and relied upon by defendant in error easily distinguish them from the instant one.

It follows from what has been said that the petition failed to set out a cause of action, and that the trial court erred in overruling the demurrer interposed thereto.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

Luke, J., dissenting. I cannot agree with the majority opinion. The laws under which plaintiff in error was constituted nowhere

state in totidem verbis that county school boards are bodies corporate, or that they may sue and be sued. Section 1478 of the Civil Code of 1910 makes every county in the State a school district confined to the control and management of a county board of education. Section 1479 provides that five freeholders selected from time to time by the grand jury shall constitute the county board of education. Section 1484 bestows upon such boards rather broad powers, among which are: to purchase, lease or rent school sites, build, repair or rent school houses, purchase maps, globes, and school furniture, and make all arrangements necessary to the efficient operation of schools. They may sell school sites in the name of the county board of education, and " shall have power to receive any gift, grant, donation, or devise made for the use of common schools in their respective counties, and all conveyances of real estate which may be made to said board of education and their successors in office." The act of 1911 gave a county board of education the right to provide means for the transportation of pupils to and from school, where no school was established in three miles of the pupils to be transported, provided that this applied only where two or more districts had been consolidated, or in the case of such other schools as were already so doing at the time of the passage of the act. Ga. L. 1911, pp. 94, 105; Park's Code, § 1565 (x). And see Ga. L. 1919, p. 327. While the record fails to show whether the county board of education of Houston county had the right to transport pupils under the above code section, yet, since the attorneys for both plaintiff in error and defendant in error concede the right of the board to make the contract in question, I must assume that the board acted within its powers and authority in contracting with defendant in error. Then, having legally made the contract, can the board be directly sued for its breach?

The court decided in the case of *Taylor* v. *Matthews,* 10 *Ga. App.* 852 (75 S. E. 166), that the trustees of a school district created under section 1531 et seq. of the Civil Code of 1910 had authority to sue on the alleged breach of the bond of the treasurer of a former board of trustees where no express authority was given so to do. The court here stated: " In the absence of an express definition of their powers, or of any limitation upon them in the statute, it must be assumed that there is an implied grant of enough power to enable these trustees to discharge the duties and effectuate

the trust imposed upon them." Headnote 1 of that decision, which is perhaps somewhat broader than the facts of the case warrant, says: "The trustees of school districts under § 1531 of the Political Code of 1910. . . are invested with capacity to sue and be sued where their rights and liabilities as school trustees are involved." The case of *Board of Education of Doerun* v. *Bacon*, 22 *Ga. App.* 72 (95 S. E. 753), was a suit of a teacher for a breach of contract, and it was there held, that the board of education of a town or city, unless such authority is expressly or impliedly denied by statute, may contract with a teacher to teach in its public schools for a fixed time, and that in such a case, where the contract has been breached, the teacher has a right of action against the board of education for damages for breach of contract. It may be here stated that the act creating this board of education did not expressly invest it with the capacity to sue or be sued. In the case of *Board of Education of Stephens County* v. *Palmer*, 134 *Ga.* 662 (68 S. E. 583), the question as to whether a county board of education could be sued was not raised, yet it may be noted that there a teacher did sue the board for unpaid salary. In the case of McLoud *v.* Selby, 10 Conn. 390 (27 Am. Dec. 689), it was unequivocally held that a school district may be sued without any express authority giving the action. The reasoning of the presiding judge in that case, that when it is once admitted that a quasi-corporation, such as a school board, has the right to make a contract, it follows that it is enough of an entity to be sued thereon, appears to bear out the contention of defendant in error in the instant case. In the case of *Mattox* v. *Board of Education of Liberty County*, 148 *Ga.* 577 (supra), the question certified to the Supreme Court was: "Does the fact that the claim does not arise out of any contractual relation, but is intended to compel the board to pay a salary fixed and established by law, make mandamus the proper and exclusive remedy?" The answer to this question was: "Mandamus is the remedy to compel a public officer or a county board to perform a duty imposed by law. It is the remedy in this case, because it is the only adequate and specific remedy at law." The statement in that case that a county board "is not a corporate body with authority to sue and be sued in the ordinary sense" is not, in my opinion, binding authority for the proposition that a county board of education can never be sued. The case of

*Ferguson* v. *Smith,* 27 *Ga. App.* 806 (110 S. E. 42), was a suit of a teacher on a quantum meruit for monies alleged to be due for teaching children of Glascock county. This decision is grounded on the *Mattox* case, supra, and specifically states that mandamus is the remedy to compel a public officer or a county board to perform a duty imposed by law. The decision in the case of *Smith* v. *Board of Education of Washington County,* 153 *Ga.* 758 (113 S. E. 147), states arguendo that a county board of education " is not a body corporate with authority to sue and be sued in the ordinary sense," thus quoting from the *Mattox* case, supra. ·

I do not think that section 1501 of the Civil Code of 1910, stating that it is one of the duties of county commissioners to " audit all accounts before application is made to the county board for an order of payment," applies to a suit for damages where the claim is denied and the amount of the damages uncertain. Nor do I think that sections 1548 and 1548 (g) which further provide the machinery for the payment of ordinary claims for school expenses apply to the case at bar. The case of *Cox* v. *Board of Commissioners,* 65 *Ga.* 741, was a suit brought against Whitfield County by a sheriff upon a demand due him for medicines and attention to prisoners during their confinement. Error was alleged " because a mandamus should have been brought to enforce payment." In denying this contention the court said: " Mandamus would be a remedy to which the party might resort had his claim been recognized and allowed, and no action taken by this board to provide for its payment. But it is unliquidated, and its very existence denied. When the same is fixed by a judgment, which is the only mode left to the plaintiff after a refusal of the commissioners to allow it, then he may resort to this writ." I take this to be the true rule, and am of the opinion that it aptly applies to a case like the one at bar. I cannot conceive that a person claiming unliquidated damages for the breach of an authorized contract with a school board has no other remedy than to have his claim audited by the county superintendent, and approved by the board which had already denied the claim; and that in the event the superintendent refused to audit his claim, he could only force him to do so by mandamus; and that if, after such claim had been audited, the county board refused to act in approving it, he would have to compel the board to act by mandamus. If this were the only

procedure, his claim for damages would most likely be defeated in the beginning; and in any event, if he were bound by the audit and the approval of the board, which had already denied him damages, it is extremely probable that the amount he would eventually get would be inconsequential. I think that Hunt had the right to sue the county board of education of Houston county for damages for breach of contract and fix the amount of his damages, if any, by judgment; and that then, if his judgment was not satisfied, he might resort to mandamus to compel its satisfaction.

It follows, in my opinion, that the judgment of the lower court should be affirmed.