KERSEY *et al.* v. GRANT *et al.,* trustees.

No. 9311. August 10, 1933.

502

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Hall & Jones,* for plaintiffs in error.  *J. W. Powell,* contra.

BELL, J.  ■  The University of this State was incorporated under the name and style of "Trustees of the University of Georgia." Civil Code (1910), § 1364.  In the case of *First District Agricultural School* v. *Reynolds,* 11 *Ga. App.* 650 (75 S. E. 1060), the Court of Appeals had for consideration the legal status of the First District Agricultural & Mechanical School, as established under section 1 of the act of August 18, 1906.  Ga. L. 1906, p. 72, Civil Code (1910), § 1552.  In the decision in that case it was said: "A careful study of the legislation relating to the entire system of schools and colleges composing the University of Georgia would seem to indicate that it intended to make all these subsidiary institutions stand in the same relation to the State and the public as the university stands and be subject to sue and be sued.  This is the only reasonable construction to be placed upon such legislation."  In like manner, the legislative acts in reference to the School of Technology clearly manifest an intention on the part of the General Assembly that this school should be operated as a branch of the University of Georgia, but that it should be conducted as a distinct corporate entity.  This school was originally estab-

lished by name "as a Technological School," but the name was later changed to the "Georgia School of Technology." By several different legislative acts such was declared to be the name of this school; and this must be taken to be its corporate name, notwithstanding the University proper was incorporated as "Trustees of the University of Georgia." Ga. L. 1908, p. 1035; Ga. L. 1911, p. 159, § 2; Ga. L. 1912, p. 182, § 2. The legislature in authorizing the trustees of the Georgia School of Technology to do and perform certain acts in relation to this school, and generally to "do any and everything usual or necessary in the administration of said school or arising in the progress of the institution" (Ga. L. 1919, p. 370, § 1), did not intend to make a corporation of the trustees themselves; but the effect of such provisions was to confer upon the trustees certain powers and duties as trustees or directors of the corporation.

Prior to the passage of the State government reorganization act of August 28, 1931 (Ga. L. 1931, p. 1), the "Georgia School of Technology" was a corporation capable of suing and being sued in that name. See, in this connection, Ga. L. 1884-5, p. 69; Ga. L. 1890-91, p. 118; Ga. L. 1910, p. 74; Ga. L. 1920, p. 277; Ga. L. 1923, p. 90; *Trustees of the University of Georgia* v. *Denmark,* 141 *Ga.* 390 (81 S. E. 238); *Medical College* v. *Rushing,* 124 *Ga.* 239 (52 S. E. 333); *Medical College* v. *Rushing,* 1 *Ga. App.* 468 (57 S. E. 1083). The question propounded by the Court of Appeals expressly excludes the reorganization act of 1931, and we therefore express no opinion as to the present legal status of the School of Technology.

■ A suit by a corporation must be brought in its own corporate name, and not in the name of its trustees or directors. *Bradford* v. *Water Lot Co.,* 58 *Ga.* 280; *Jones* v. *Watson,* 63 *Ga.* 680. As a general rule, an action on a contract must be brought in the name of the party in whom the legal interest in such contract is vested. Civil Code (1910), § 5516. When a "note is payable to a given person or order, the holder thereof, other than the payee, can not sue thereon in his own name, where the paper has not been indorsed or transferred to him in writing. The indorsement or the assignment in writing of the note is necessary to put the legal title in the holder." *Allen* v. *Commercial Credit Co.,* 155 *Ga.* 545, 546 (117 S. E. 650). A suit based upon a written obligation made

payable to the "Georgia School of Technology" can not be maintained in the name of "The Governing Board of Trustees of the Georgia School of Technology," in the absence of a written assignment or indorsement of such obligation to such governing board of trustees.

Since the first question propounded by the Court of Appeals is answered in the affirmative, instructions are not required upon the third question.

*All the Justices concur, except Hill, J., absent because of illness.*