23935. AMERICAN SURETY COMPANY OF NEW YORK *v.* NESMITH *et al.*

SUTTON, J. 1. An action on the official bond of a county school superintendent was brought by certain individuals, as the members of the county board of education, for said county board, against the surety on the bond. The defendant demurred thereto on the ground that, the board being a legal entity, the members thereof had no right to maintain this action in their names. See *Kersey* v. *Grant*, 177 *Ga.* 501 (2) (170 S. E. 501), and cit.; s. c. 47 *Ga. App.* 408 (170 S. E. 503). This demurrer was overruled, and exception taken. The official bond of the county school superintendent is made payable to the county board of education; and that board not being a body politic or corporate with authority to sue and be sued, in the ordinary sense, an action by the individuals composing it may be properly brought in behalf of the county board of education on the bond of the county school superintendent. *Board of Education* v. *Hunt*, 29 *Ga. App.* 665 (116 S. E. 900), s. c. 159 *Ga.* 749 (126 S. E. 789); *Mattox* v. *Board of Education*, 148 *Ga.* 577 (97 S. E. 532, 5 A. L. R. 568); *Smith* v. *Board of Education*, 153 *Ga.* 758 (113 S. E. 147).

2. It is one of the duties of a public official intrusted with public moneys to keep them safely; and this duty of safe custody must be performed at the peril of the official. In effect, according to the weight of authority, a public officer is an insurer of public funds lawfully in his possession, and therefore liable for losses which occur without his fault. He is answerable in all events. The liability is absolute, admitting of no excuse, except perhaps the act of God or the public enemy. This standard of responsibility is based on public policy. By the weight of authority a public officer is not, like a trustee or an agent, the mere bailee or custodian of the money in his hands, but he is called on to account according to a much more rigorous standard of responsibility. Smythe *v.* U. S., 188 U. S. 156 (23 Sup. Ct. 279, 47 L. ed. 425); United States *v.* Prescott, 3 How. 578 (11 L. ed. 734); Smith *v.* Patton, 131 N. C. 396 (42 S. E. 849, 92 Am. St. R. 783); Shelton *v.* State, 53 Ind. 331 (21 Am. R. 197); Yawger *v.* American Surety Co., 212 N. Y. 292 (106 N. E. 64, L. R. A. 1915D, 481); State *v.* Powell, 67 Mo. 395 (29 Am. R. 512; 18 A. L. R. 982, note; 38 A. L. R. 1512, note; 22 R. C. L., § 5, 225.

3. In most jurisdictions the rule is firmly established that a public official intrusted with the custody of public moneys is personally liable for their loss through the failure of the bank in which he has deposited them, however careful and prudent he may have been. Note, 67 Am. D. 367; Cameron v. Hicks, 65 W. Va. 484 (64 S. E. 832, 17 Ann. Cas. 926); American Surety Co. v. Ind. School Dist. No. 18, 53 F. (2d) 178 (81 A. L. R. 1); Wiley v. Sparta, 154 Ga. 1 (114 S. E. 45, 25 A. L. R. 1342, note).

(a) So when a county school superintendent makes a general deposit of the funds of the county board of education in a bank, which are lost on account of the subsequent failure of the bank, he is liable therefor on his official bond as county school superintendent, although he believed the bank solvent at the time of the deposit and up to the time of its failure it was so regarded and reputed by the public. Lamb v. Dart, 108 Ga. 602 (6) (34 S. E. 160); Wiley v. Bank of Sparta, supra.

(b) The statute (School Code, Ga. L. 1919, p. 288 et seq.) gives the custody of the school funds of the county to the county school superintendent, and requires that he give an official bond as such. This bond is for the faithful performance of his duties. Citizens Bank v. American Surety Co., 174 Ga. 852 (164 S. E. 817). The county school superintendent is a public official, and as such is intrusted with the custody of the county school funds; and his failure to pay the same over is not excused by reason of his having deposited them in a bank at the instance and direction of the county board of education, where the bank subsequently fails. The county school funds are turned over to the custody of the superintendent, and not to the board of education; and he, as such officer, is required to give the bond, and not the board of education or members thereof. Wiley v. Bank of Sparta, supra; Inglis v. State, 61 Ind. 212; Rose v. Douglass Tp., 52 Kan. 451 (34 P. 1046, 39 Am. St. R. 354); McKinney v. Robinson, 84 Tex. 489 (19 S. W. 699); Kittitas County v. Travers, 16 Wash. 528 (48 P. 340).

4. The action in this case arose before the passage of the act of March 16, 1933, entitled "An act to make provisions as to public moneys of the State and of its political subdivisions," etc., and which provides that "Neither the principal nor the surety on any bond of any collecting officer or any officer to hold public funds shall be liable for the failure of such officer to account for any public money coming into his hands which he shall have deposited in any designated depository or if the proper authority shall have failed to designate a depository in any bank selected by him, if it be deposited in the name of the public body to which it belongs, or in his own name in his official title, or with his official capacity disclosed or if the bank receiving the same shall otherwise have notice of the public nature of the deposit, provided said failure to account is attributable solely to the failure or insolvency of such depository." Ga. L. 1933, pp. 78, 84.

5. It follows that the court did not err in overruling defendant's demurrer to the petition, in disallowing defendant's amendment, in sustaining plaintiffs' demurrer to a part of defendant's answer, and in directing a verdict for plaintiffs.

*Judgment affirmed. Jenkins, P. J, and Stephens, J., concur.*

Decided March 31, 1934.

*Martin, Martin & Snow,* for plaintiff in error.
*H. McWhorter, Grice & Grice,* contra.