**CITY OF SCRANTON, PA., v. ÆTNA CASUALTY & SURETY CO.**

No. 3527.

District Court, M. D. Pennsylvania.

Sept. 4, 1935.

Jerome I. Myers, City Sol., and John R. Edwards, Associate City Sol., both of Scranton, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

WATSON, District Judge.

This suit was brought by the city of Scranton against the Ætna Casualty & Surety Company, surety on the official bond of George Deckelnick, city treasurer of the city of Scranton. The bond is dated January 6, 1930. It is in the sum of $80,000, and is to cover the term of Deckelnick as city treasurer from the first Monday in January, 1930, to the first Monday in January, 1934. The suit is for $54,493.29 less a credit of $13,135.67, or $41,357.62. Interest is also claimed. The condition of the bond is as follows:

"Now, therefore, the condition of this obligation is such that if the above bounden George Deckelnick shall faithfully perform the duties of his said office or position during the said term, and shall pay over to the person authorized by law to receive the city's moneys that may come into his hands during the said term as provided by law without fraud or delay, and at the expiration of said term or in case of his resignation or removal from office shall turn over all city records and property which may came into his hands, then this obligation to be null and void, otherwise to remain in full force and effect."

Paragraphs sixth and seventh of the plaintiff's statement contain the following allegations:

"Sixth: That while said Bond was in full force and effect and while George

Deckelnick was acting as Treasurer of the City of Scranton, the plaintiff sayeth that the said George Deckelnick did not faithfully discharge all of the duties required of him in the office of Treasurer as aforesaid, but on the contrary has broken the condition of said Bond in this:

"(a) He has failed to pay over to the person authorized by law to receive the City moneys the following moneys received by him as City Treasurer, to wit: the sum of Fifty Four Thousand Four Hundred Ninety Three and 29/100 ($54,-493.29) Dollars, which amount is still unpaid to the City of Scranton.

"Seventh: Since the termination of his duties as City Treasurer of the City of Scranton the said George Deckelnick paid to his successor in office the sum of Thirteen Thousand One Hundred Thirty Five and 67/100 ($13,135.67) Dollars."

The plaintiff further alleges in its statement that the balance, $41,357.62, has not been paid, and has been demanded.

The defendant, in its affidavit of defense, denies that Deckelnick failed to discharge his duties as required by law, and denies that any condition of the bond has been broken. The affidavit of defense sets forth the statute of the state of Pennsylvania requiring city treasurers of cities of the second class to deposit daily in banks designated by city councils all moneys coming into their hands. The affidavit of defense alleges, inter alia, that the moneys sued for represent moneys on deposit in the Union National Bank and the Bosak State Bank when those banks were taken in possession by the national and state banking authorities; that those banks had been designated by councils of the city of Scranton as depositories of city moneys; that the money sued for never again came into the hands or possession of the said Deckelnick after they were so deposited; that, by making the deposit as required by law, Deckelnick faithfully discharged the duties of his office in relation thereto, and paid over to said banks as the only persons authorized to receive the same all the moneys coming into his hands, thus discharging at one time the requirements of law and the condition of his bond.

The plaintiff has moved for judgment for want of a sufficient affidavit of defense, and has assigned in support there-of, among other reasons, that depositing the moneys mentioned in the banks was not a discharge of the city treasurer's obligation, and that the city treasurer was an insurer of the funds that came into his hands and liable for the loss thereof.

The Pennsylvania Act of March 7, 1901, P. L. 20 (p. 26), entitled, "An Act for the Government of Cities of the Second Class" (PS title 53, §§ 8794, 8795, and 9611), provides:

"§ 8794. *Drawing money from treasury*

"No money shall be drawn from the city treasury except by due process of law, or upon warrants on the treasurer, signed by the city recorder and countersigned by the controller, which shall state the consideration of the same and the particular fund or appropriation to which the same is chargeable. (1901, March 7, P. L. 20, art. VII.)"

"§ 8795. *Accounts of city treasurer; deposits; reports*

"The treasurer shall keep the accounts, arising from the several sources of revenue and income, separate and distinct from one another, and shall make daily deposits of all moneys received by him in such banks or institutions as may be designated by councils, and shall make specific reports daily to the controller of all receipts and deposits, and of all moneys withdrawn from the treasury, and shall present and verify his cash account in such manner and as often as may be required. (1901, March 7, P. L. 20, art. VII.)"

"§ 9611. *Bonds of municipal officers; approval; deposit*

"All officers of said cities, before entering upon the discharge of the said duties, shall give bond for the faithful discharge thereof, in the sum prescribed by ordinance. The bond of the city recorder elected under the provisions of this act, and also the bond of the controller, shall be approved by select council, and those of other officers shall be approved by the city recorder and controller. The bond of the city recorder shall be deposited with the controller, and those of all other officers with the city recorder. (1901, March 7, P. L. 20, art. XVIII, § 1.)"

The question is, whether, when the Legislature has authorized the city council

to designate certain banks as the depositories of city money, and the city council, acting under that authority, has designated certain banks, and the city treasurer has deposited certain money in the banks so designated, did the city treasurer in so depositing the city money violate his duty, and is his surety liable when the banks fail?

The treasurer's duty to deposit daily the receipts of his office in banks selected by council is a mandatory requirement not contained in any acts under which treasurers and collectors have been held to be responsible for public moneys coming into their hands, and that feature distinguishes the case at bar from those cases where it has been held that the treasurer is an insurer. In Dillon on "Municipal Corporations," Vol. 1, page 765, it is said: "Nothing will excuse him from accounting and paying over the money except overruling necessity or the act of the public enemy. He is generally held liable, unless the rule is relaxed by statute, for the money so received by him, although it has been stolen from without his fault, or although he has deposited it, without being thereunto authorized by law, in a bank which was generally recognized as a solvent institution." (Note on page 764.) "If, however, the officer is required or authorized by law to deposit the money in a designated depositary, he is usually protected from further responsibility and is not a guarantor of the safety of the deposit. Perley v. Muskegon County, 32 Mich. 132, 20 Am. Rep. 637. See, also, State v. Bobleter, 83 Minn. 479, 86 N. W. 461." In Hinton v. State of Oklahoma, 57 Okl. 777, 156 P. 161, 163, it was held: "It is well settled by authority and on principle that, when such depositories have been designated according to law, neither the county treasurer nor his bondsmen are liable for the loss of funds deposited therein, so long as the treasurer keeps within the requirements of the law." In State v. McGraw, 74 Mont. 152, 240 P. 812, 817, the court said: "While the county treasurer is the custodian of the school district funds up to the time he makes the deposit, under the law as it now exists, when he complies with the above provisions and while the funds remain in the depository, he is not the custodian thereof. * * *" In Rosebud County v.

Smith, 92 Mont. 75, 9 P.(2d) 1071, 1073, it was held that: "It is the duty of the county treasurer to 'receive all moneys belonging to the county, and all other moneys by law directed to be paid to him, safely keep the same, and apply and pay them out, rendering account thereof as required by law,' according to subdivision 1 of section 4750, supra. But as the law now stands the treasurer may deposit the county funds only in a bank designated by the board of county commissioners, first requiring an indemnity bond, or other prescribed security, which must be accepted and approved by the board. * * * If he complies with the law and the money is lost, he is not liable. In such cases he is liable only through his own neglect, fraud, or dishonorable conduct."

In Stephens v. City of Ludlow, 159 Ky. 729, 169 S. W. 473, 475, the court said: "If the treasurer himself selected a depository, and the funds of the city were lost by any wrongdoing on the part of any of its officers or from other causes, the treasurer would be liable to the city for the funds, although he might have exercised the highest degree of care in selecting the depository. When, however, the selection of the depository is taken out of his hands, and he is directed by the city to keep its funds in an institution selected by it, the city, and not the treasurer, assumes responsibility for the integrity and solvency of the institution so selected. Commonwealth v. Godshaw, 92 Ky. 435, 17 S. W. 737."

The plaintiff contends that the city treasurer cannot be released from liability in the absence of an expressed provision in the statute that a compliance with the act will relieve him from such liability. With this contention I cannot agree. Such expressed provision is not necessary to accomplish the same result.

In Edgerton Independent Consol. School District v. Volz, 50 S. D. 107, 208 N. W. 576, 578, the court said: "It is clear, upon principle and authority, that, if the school district had been authorized to designate, and had designated, said bank as the depositary, then the failure of the bank would have relieved the treasurer from liability for the amount on deposit. In many depositary acts in this and other states it is expressly provided that a compliance with the act will relieve

the treasurer from such liability, but such express provision is not necessary to accomplish the same result."

In a very recent case, American Surety Co. of New York v. City of Thomasville, 73 F.(2d) 584, 586, Circuit Court of Appeals, Fifth Circuit, the court, in the opinion, said: "In Georgia, as generally elsewhere, it is held that a public official intrusted with public moneys is bound to keep them safely at all events, and is not excused for losses unless perhaps when caused by the act of God or the public enemy. He is not a mere bailee, answerable only for neglect. He cannot ordinarily lend the funds to a bank on general deposit, but is liable if they are thus lost. This was held of a county treasurer in Lamb v. Dart, 108 Ga. 602, 34 S. E. 160; of the bond commission of a city in Wiley v. City of Sparta, 154 Ga. 1, 114 S. E. 45, 25 A. L. R. 1342; and of a county school superintendent in respect of school funds in American Surety Co. v. Ne Smith [49 Ga. App. 40], 174 S. E. 262. In the last-named case the county board of education had directed the funds to be deposited in bank, but it was held that the funds were legally in the custody of the superintendent and not of the board, and that he and not they gave bond for them, and that he was not under the directions of the board with regard to them. So in Wiley's Case it was said the city officers had no right informally to direct the bond commission whose office and duties were created by statute. It must be, however, that, if by competent authority public funds are authorized or required to be deposited at a particular place or on particular terms, the official holding them will be protected in so dealing with them. It is no possible breach of duty for him to do so."

The contention of the plaintiff is without precedent in Pennsylvania. The state did not make it the duty of treasurers of cities of the second class to deposit the public moneys in banks selected by city council, and, at the same time, impose losses due to failures of the depositories upon the treasurers.

Plaintiff's motion for judgment for want of a sufficient affidavit of defense is dismissed and the rule to show cause is discharged.