## CITY OF SCRANTON v. ÆTNA CASUALTY & SURETY CO.

### No. 3527.

District Court, M. D. Pennsylvania.
April 30, 1937.

Jerome I. Myers, City Sol., and John R. Edwards, Associate City Sol., both of Scranton, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

WATSON, District Judge.

This is a suit brought by the City of Scranton against the Ætna Casualty & Surety Company as surety on the bond of George Deckelnick, former city treasurer of the city of Scranton.

By agreement, the case was tried before the court without a jury. At the trial, the parties stipulated as to all the facts.

George Deckelnick became city treasurer of the city of Scranton on the first Monday in January, 1930, for a term of four years ending the first Monday in January, 1934. In accordance with the Act of March 7, 1901, P.L. 20, art. 18, § 1, 53 P.S.Pa. § 9611, he filed a surety bond in the sum of $80,000 for the faithful performance of his duties, with the Ætna Casualty & Surety Company, defendant herein, as surety. The condition of the bond is as follows:

"Now, therefore, the condition of this obligation is such that if the above bounden George Deckelnick shall faithfully perform the duties of his said office or position during the said term, and shall pay over to the person authorized by law to receive the city's moneys that may come into his hands during the said term as provided by law without fraud or delay, and at the expiration of said term or in case of his resignation or removal from office shall turn over all city records and property which may come into his hands, then this obligation to be null and void, otherwise to remain in full force and effect."

During his term of office George Deckelnick deposited all moneys received by him as city treasurer in banks designated by the city council, as provided by the Act of March 7, 1901, P.L. 20, art. 7, 53 P.S.Pa. § 8795. Two banks in which such accounts were kept were the Union National Bank of Scranton and the Bosak State Bank of Scranton. On September 12, 1931, the Bosak State Bank was closed and later placed in liquidation. On that date, the city treasurer had on deposit in said bank the sum of $28,221.84. On March 4, 1933, the Union National Bank was closed and placed in liquidation. On that date the city treasurer had on deposit in said bank the sum of $26,267.81. Prior to the expiration of George Deckelnick's term, however, $13,135.67 was paid to him by the liquidation of the Union National Bank, leaving a balance of $13,132.14 due when his term expired. At the expiration of his term, he turned over to his successor all money belonging to the city except the above amounts, which were tied up in the closed banks. Since that time the liquidators of these banks have paid over to the city, without prejudice to the city's claim in this case, various amounts from time to time. The amount yet unpaid and for which the city now asks judgment against the defendant is $29,318.90.

It is the contention of the plaintiff that in the absence of a statute specifically exempting the city treasurer from liability he is the insurer of all moneys coming into his hands, and that the fact that he deposited the moneys in banks designated by the city council, as provided by law, is no sufficient excuse for his failure to turn the full amount over to his successor. With this contention I cannot agree. The state did not make it the duty of the treasurers of cities to deposit the public moneys in banks selected by city council, and at the same time impose losses due to failures of the depositories upon the treasurers.

The facts as stipulated present the same question for determination as was presented by the plaintiff's motion for judgment for want of a sufficient affidavit of defense, which was dismissed by order of this court entered September 4, 1935. See City of Scranton v. Ætna Casualty & Surety Company, D.C., 11 F.Supp. 986. Careful examination of the facts here presented reveals nothing which impels me to change the opinion there expressed, and the reasoning in that opinion is adopted as the reasoning in this opinion and is to be considered herewith. It follows that judgment should be entered for the defendant.

Now, judgment is directed to be entered in favor of the defendant and against the plaintiff.

An exception is noted for the plaintiff.