35502.   EVANS *et al. v.* DARBY *et al.*

CARLISLE, J. Where, to an action on open account, brought by Charles D. Evans, Henry R. Evans, and Mrs. Kathryn R. Evans, doing business as Evans Wood Preserving Company, against F. W. Darby Lumber Company, a partnership composed of F. W. Darby, Mrs. F. W. Darby, Mrs. Buford Knight, Jack Darby, and Robert F. Darby, for items of account running from December 4, 1950, through February 22, 1954, the defendant company interposes at the trial term a "motion to dismiss," which is in truth a plea in abatement, on the ground that the plaintiffs are improperly proceeding in their individual names as a partnership to recover a debt owed to Evans Wood Preserving Company, a corporation, and where, on the trial of the issue made by the plea in abatement before the trial court at the trial term, without objection evidence is introduced from which the court, as trior of the facts, would be authorized to find the debt sued for to be that of the corporation—this court will not disturb the judgment of the trial court so finding. See, in this connection, *Wood* v. *United States Fidelity &c. Co.,* 4 *Ga. App.* 671 (62 S. E. 97); *Ward* v. *Frick Co.,* 95 *Ga.* 804 (22 S. E. 899).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 13, 1955—REHEARING DENIED MAY 2, 1955.

*Fred T. Lanier, Robert S. Lanier,* for plaintiff in error.
*Leroy Cowart, Wm. J. Neville, W. G. Neville,* contra.

Charles D. Evans, Henry R. Evans, and Mrs. Kathryn R. Evans, trading as Evans Wood Preserving Company, brought an action on account against F. W. Darby Lumber Company, a partnership composed of F. W. Darby, Mrs. F. W. Darby, Mrs. Buford Knight, Jack Darby, and Robert F. Darby, and in their petition allege substantially the following: (1) All of the partners-defendant are residents of Bulloch County, Georgia, except Jack Darby and Robert F. Darby, who are residents of the State of Florida. (2) F. W. Darby Lumber Company maintains an office and place of business at Statesboro, Bulloch County, Georgia, and the said company operates a sawmill and is engaged in the manufacture of lumber for wholesale and retail distribution. (3) The petitioners are residents of Bulloch County, Georgia, and for the past three years have been engaged in treating lumber with a wood-preserving material for F. W. Darby Lumber Company. (4) Georgia Power Company furnished the petitioners electric power for the operation of their plant, and F. W. Darby Lumber Company used electric power from Georgia Power Company through a meter on which the petitioners were charged with the power with the understanding that the defendant company would pay its prorata share of the current used, which amounts to $995.82. (5) The defendant is indebted to the petitioners in the sum of $31,303.02, less a credit of $5,000, as shown on a statement attached to the petition and made a part thereof. (6) The defendant is indebted to the petitioners in the sum of $25,303.02 on open account, principal besides interest, and the amount is just, due, and unpaid, and the defendant has, upon request to do so, refused to pay that amount. Attached to the petition is a bill of particulars, made out on stationery marked, Evans Wood Preserving Co., Statesboro, Georgia, and bearing the following names and titles, H. G. Evans, Pres., C. D. Evans, Vice-Pres., and H. R. Evans, Sec. & Treas., and showing that the account began in December 1950 and ran through February 22, 1954.

When the case was called for trial, the defendant company

made the following motion to dismiss the suit: (1) The petitioners are proceeding in their individual names as a partnership, which they have not lawfully or equitably any right to do, for the following reasons. (2) Evans Wood Preserving Company was originally incorporated in the State of Florida, as MacLean Wood Preserving Company and was organized under the laws of Florida on August 9, 1950, and on May 8, 1951, an amendment to the charter was filed, changing its corporate name to Evans Wood Preserving Company. (3) The said charter was never surrendered by the petitioners, and they continued to operate for and during the time covered by the items sued for under the corporate name set forth in their charter and as Evans Wood Preserving Company. (4) Article 5 of the charter of Evans Wood Preserving Company provides that this corporation shall have perpetual existence, unless sooner dissolved by law, and no dissolution of the corporation has been had. (5) The suit of the petitioners is improperly brought, in that it is brought in the individual names of the petitioners, when, as a matter of law, it should have been brought in the name of Evans Wood Preserving Company, a corporation. (6) The late Henry G. Evans, Sr., was a member of the said corporation, and being now deceased, left an estate to be administered; and his wife, Mrs. Kathryn R. Evans, duly qualified as temporary administratrix of his estate, and such administration is still pending in the Court of Ordinary of Bulloch County. (7) The petitioner, Mrs. Kathryn R. Evans, cannot lawfully proceed in her individual capacity, as a plaintiff, and thereby undertake to recover of the defendant for the estate of her deceased husband. A copy of the charter of the corporation was filed along with the motion to dismiss the suit.

It was admitted by the petitioners that temporary letters of administration on the estate of Henry G. Evans had been issued by the Court of Ordinary of Bulloch County on March 2, 1953, to Mrs. Kathryn R. Evans, and that the application therefor stated that the estate consisted of considerable real and personal property.

Henry R. Evans testified as follows for the petitioners: "My father was the sole owner of the corporation under which he formerly proceeded and simply used that for his individual bene-

fit and operated as an individual. Since the death of my father, my brother, my mother, and I are the sole heirs at law of his estate and whatever property my father owned at the time of his death became the property of my brother, my mother, and myself. We have never operated as a corporation. We formed a partnership after the death of my father, and have been operating as that ever since."

It also appeared from the evidence adduced on the hearing of the motion to dismiss the suit that Henry R. Evans, Charles D. Evans, and Mrs. Kathryn R. Evans, pursuant to Code § 106-301, on August 28, 1952, applied to register Evans Wood Preserving Company as their trade name.

On direct examination, W. B. Ryan testified for the petitioners as follows: "I am a certified public accountant. I kept the records for Mr. Evans, Henry Evans, Hank and Chuck Evans, in connection with the transactions they had with Mr. Darby. I can't say what the personal negotiations were, but from my own personal knowledge this transaction with Darby was treated as a partnership from the very beginning, and not a corporation, as far as the records show, both the books and with the Federal income tax, Internal Revenue, and with the State of Georgia, it is all filed as a partnership from the beginning of the transactions with Mr. Darby. At the beginning of December 1, 1950, when we set up the books, and, as far as I knew, the original negotiations began. To my knowledge there are no accounts in this suit here prior to December 1, 1950. That invoice No. 101 is the first invoice in this suit and the date is December 4, 1950."

On cross-examination, Mr. Ryan testified: "I heard that Mr. Henry G. Evans was the sole owner of a corporation in Florida, but to my knowledge they never paid any State corporation tax and when this operation started, the one that I kept the books for and filed the returns was a partnership. There was never a corporation return filed. I never made any returns concerning the corporation. It was just a matter of hearsay that he had, when he originally planned, as I understood, to put a plant in Florida, he formed this corporation. When he came here he had a different setup. I would have no knowledge of any notice of what Evans Wood Preserving Company, the partnership, gave Mr. Darby that they were dealing with him only as a partner-

ship from the time that they began doing business with him. In other words, my relations were just a matter of accounting. As to whether they called themselves a partnership to Darby Lumber Company, there is no indication in the invoices of a corporation. The invoices on their face do not show a corporation; it is just the words, 'Evans Wood Preserving Company,' isn't it? You see, there is no indication of any corporation there (witness referring to invoice). What the invoice does say, the title of that company is Evans Wood Preserving Company. As to whether the word 'Company' denotes a partnership, I mean, our company, or our firm is Smith and Company, and we're strictly a partnership. I do not contend that Mr. Darby was ever given notice that they were trading with him as a partnership, I can't say anything about the negotiations between them. The certificate changing the name from MacLean Wood Preserving Company to Evans Wood Preserving Company is dated May 8, 1951. I do not know that that Evans Preserving Company is the same as the one doing business here. That's the first time I've ever seen that. Why yes, May 8, 1951, is after 1950. That bill head or letter head says Evans Wood Preserving Company. Those three names and titles are Evans, President, Vice-President, Secretary & Treasurer. I would say that could be either a corporation or partnership, I don't know which. I have no reason to doubt the validity of the Secretary of the State of Florida, as I say, I, by hearsay, heard there was a corporation but it was never used. I don't know how Evans Wood Preserving Company either as a partnership or a corporation dealt with Darby Lumber Company and I don't know what notice they gave him. Evans Wood Preserving Company was operating in Statesboro, Georgia, in May of 1951. So far as I know the late Mr. Henry G. Evans and these people were the Evans Wood Preserving Company, and so far as I know they were not operating in Florida at that time."

The trial court sustained the motion of the defendant and dismissed the suit. The petitioners have, by direct bill of exceptions, come to this court to have that judgment reviewed.