48916. ROBINSON et al. v. THOMAS et al.

Evans, Judge.

O. F. Thomas and Henry N. Brown, as plaintiffs, filed suit against Lewis S. Robinson, Evelyn R. Robinson, and Fred W. Hayes, Jr., for damages growing out of a sale of real estate. Plaintiffs alleged they held an exclusive listing for the sale of property owned by the Robinsons; that during the life of the listing contract they showed the property to Hayes, and that the Robinsons then canceled the contract and took the house off the market, and then they sold the property to Hayes. The complaint alleged a conspiracy between all defendants to cheat plaintiffs out of their real estate commission, and that they were guilty of wilful fraud and deceit. The complaint prayed for sums equal to the commission originally agreed upon as to the sale, and for punitive damages.

After defendants had answered, and after discovery proceedings, defendants moved for summary judgment, principally contending that plaintiffs were not entitled to recover because O. F. Thomas & Associates, Inc. was not registered with and did not hold a valid real estate license from Georgia Real Estate Commission on the date of sale, to wit, on April 11, 1972. In opposition, plaintiffs proved that O. F. Thomas held a real estate broker's license under the name of Otho F. Thomas Associates on July 1, 1971; and that he held a real estate broker's license under the name of O. F. Thomas & Associates, Inc. on July 1, 1973; and that Henry N. Brown was a duly licensed salesman for Otho F. Thomas Associates as of March 24, 1972.

Defendants' motion for summary judgment was denied and they appeal. *Held:*

Plaintiff's original complaint was brought in the names of O. F. Thomas and Henry N. Brown. Thus, it was proceeding as to plaintiffs in their individual capacities. But plaintiffs filed a first amendment and added a corporation as plaintiff, to wit: "O. F. Thomas & Associates, Inc.," and alleged that the exclusive listing as to the property in question was given to "O. F. Thomas & Associates, Inc., operating under the name 'O. F. Thomas & Associates.'" The effect of this amendment was to show that a corporation, operating under a trade name, held the exclusive listing to the property. But a second amendment made further changes, and created greater mystery as to the real holder of the exclusive listing, by alleging that same was given to "O. F. Thomas, d/b/a *Otho* F. Thomas Associates and O. F. Thomas & Associates." We must construe this to mean that the exclusive listing is now alleged to have been given to a new individual, to wit, O. F. Thomas, d/b/a *Otho* F. Thomas Associates, and also to a corporation, to wit, O. F. Thomas & Associates, as it was alleged in the first amendment that the corporation trade name was "O. F. Thomas & Associates," which has not been changed by the second amendment.

Under the old law, pleadings were construed most strongly against the pleader, but under the CPA that rule is changed and they are now construed most favorably towards the pleader. *Hunter v. A-1 Bonding Service, Inc.,* 118 Ga. App. 498 (2) (164 SE2d 246); *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260).

But even under the new law, the question remains as to whether a complaint may originate in the name of plaintiffs in their individual capacities, and by amendment be converted into a suit in the name of a corporate plaintiff, and then finally by another amendment be converted to a suit in the name of corporate plaintiffs and plaintiffs in their individual capacities. *Evans v. Darby,* 92 Ga. App. 6 (87 SE2d 439); *Nix v. Luke,* 96 Ga. App. 123, 126, 127 (99 SE2d 446); *Kersey v. Grant,* 177 Ga. 501 (170 SE 501). But here the complaint as amended contends that both the individual plaintiff and the corporate plaintiff performed the real estate sales contract, rather than a substitution of

corporate entity for individual capacity. The above cases are therefore not controlling.

The sole question remains for determination as to whether or not the exclusive listing contract was executed by a duly licensed real estate broker and salesman properly registered with the Georgia Real Estate Commission, at the time the exclusive listing contract was entered into with the defendants and at time of the sale. The proof offered by defendants fails to show that no genuine issue of fact remains for jury determination. Said proof shows the issuance of the corporate charter; but does not disclose that the corporation, as broker, exclusively entered the listing contract. At the same time the admissions in the pleadings cast doubt as to whom O. N. Brown represented in executing the contract doing business as O. F. Thomas & Associates.

Accordingly, the trial court did not err in denying summary judgment.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JANUARY 11, 1974 — DECIDED FEBRUARY 20, 1974 — REHEARING DENIED MARCH 7, 1974.

*Mose S. Hayes, Mose S. Hayes, Jr., Hansell, Post, Brandon & Dorsey, W. Lyman Dillon,* for appellants.
*Fierer & Devine, Foy R. Devine,* for appellees.